W. IRVING CLARK, as Trustee of MARY ANN GILLESPIE under the Will of THOMAS L. CLARK, Deceased, Respondent, *v.* HENRY J. CAMMANN et al., Appellants, and WILLIAM N. CLARK et al., Respondents.

1. WILL — CONSTRUCTION — SUSPENSION OF VESTING. If futurity is annexed to the substance of a gift, the vesting is suspended.

2. TIME OF ESSENCE OF GIFT. Where the gift is only found in a direction to pay at a future time, time will be deemed to be of the essence of the gift.

3. CONTINGENT REMAINDER — "LAWFUL REPRESENTATIVES." The disclosure of an intention to make a remainder contingent and not vested, is

strengthened by the presence of the words "and to their lawful representatives," following the designation of the remaindermen, where it is manifest that the testator used the words in the sense of "issue" and not in that of "executors or administrators."

4. Partial Intestacy — Distribution of Personal Property. Intestacy exists as to everything not disposed of, or which turns out not to be disposed of by the will, whether by reason of the inability of an attempted disposition or other accident; and personal property not disposed of by the will must be distributed under the Statute of Distributions.

5. Reversionary Interest not Disposed of by Will — Distribution among Next of Kin at Time of Death of Testator. Where a reversionary interest in personal property is not disposed of by the will, it does not' necessarily belong to those who may happen to be the testator's next of kin at the termination of the particular estate, but, as an interest in the property undisposed of by will, it is to be distributed among those who answer to the legal definition of next of kin at the time of the death of the testator.

6. Will Construed — Contingent Remainder. A will contained the following provision: "From and immediately after the decease of my said wife I will and direct that as to $10,000 of the principal moneys to be invested as aforesaid, my said executors and trustees shall stand possessed of the same in trust to apply the interest thereof to the use of my niece M. A., for and during her natural life so as she may not anticipate the same, and from and immediately after her decease, upon trust, to pay over and divide the said principal sum of $10,000 unto and among all her children, share and share alike, and to their lawful representatives forever, as tenants in common, per capita, the issue of any such child who may then be dead to take his or her deceased parent's share." M. A. had two children living at the time of the testator's death, but they died before her, without issue, and she left no children at her death. Held, that the testator intended that the fund should go to the issue of the children of M. A. in case of the death of either during the existence of the life estate; that as no issue of those children were in being at the death of the testator, the remainder was contingent and not vested. for the reason that the persons to whom, or the event upon which the estate was limited to take effect, remained uncertain until the termination of the life estate.

7. Intestacy as to Fund through Lack of Remaindermen — Distribution among Next of Kin. Held, also, that as the children of M. A. died before the termination of the life estate created by the will, without issue, there were no persons who could take as remaindermen; that, consequently, intestacy existed as to the fund, and that the fund should be distributed, under the statute, among those who were next of kin to the testator at the time of his death.

*Clark* v. *Cammann,* 14 App. Div. 127, affirmed.

(Argued June 22, 1899; decided October 3, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 27, 1897, affirming a judgment entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William C. Cammann* and *William L. Clark* for Henry J. Cammann and Walter B. Johnson, as committee, etc., appellants. The fund vested in the sons John and George at the testator's death. (*Goebel* v. *Wolf*, 113 N. Y. 406; *Matter of Brown*, 154 N. Y. 313; 1 R. S. 723, § 13.) The various terms and expressions used are indicative of an intention that the interests of the sons in the fund should be vested in them. (*Warner* v. *Durant*, 76 N. Y. 136; *Matter of Young*, 78 Hun, 521; *Da Costa* v. *Bass*, 48 Hun, 31; *Matter of Seebeck*, 140 N. Y. 241; *Weed* v. *Aldrich*, 2 Hun, 531; *Matter of Muir*, 46 Hun, 555; *Palmer* v. *Dunleau*, 125 N. Y. 68; *Miller* v. *Gilbert*, 144 N. Y. 68; *Shangle* v. *Hallock*, 6 App. Div. 55.) The whole scheme of the will is indicative of an intention that the funds should vest. (*Booth* v. *Baptist Church*, 126 N. Y. 215; *Beekman* v. *Bonsor*, 23 N. Y. 298.) The interests of the sons John and George descended to the persons who were their next of kin at the times of their respective deaths. (*Phyfe* v. *Phyfe*, 3 Bradf. 45.)

*Mortimer C. Addoms* for Mary A. Avery, appellant. The fund of $10,000 did not vest in the sons of Mary Ann Gillespie. (*Warner* v. *Durant*, 76 N. Y. 136; *Smith* v. *Edwards*, 88 N. Y. 92; *Delafield* v. *Shipman*, 103 N. Y. 463; *Shipman* v. *Rollins*, 98 N. Y. 311; *Magill* v. *McMillan*, 23 Hun, 193; *Matter of Baer*, 147 N. Y. 348; *Delaney* v. *McCormack*, 88 N. Y. 174; *McGillis* v. *McGillis*, 154 N. Y. 533.) The gift vested at the death of Mary Ann Gillespie and not at the death of the testator. (*Smith* v. *Edwards*, 88 N. Y. 92; *Delaney* v. *McCormack*, 88 N. Y. 174; *Magill* v. *McMillan*, 23 Hun, 196; *Teed* v. *Morton*, 60 N. Y. 506; *Matter of Cameron*, 76 Hun, 429; *Vincent* v. *Newhouse*, 83

N. Y. 505; *Nathan* v. *Hendricks*, 87 Hun, 483; *Matter of Keenan*, 15 Misc. Rep. 368; *Matter of Baer*, 147 N. Y. 348; *Paget* v. *Melcher*, 156 N. Y. 399.) The fund should be distributed to the testator's next of kin surviving at the date of the death of the life beneficiary, in accordance with the laws for the distribution of personal property. (2 Jarm. on Wills, 752; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Fowler* v. *Ingersoll*, 127 N. Y. 472; *Delaney* v. *McCormack*, 88 N. Y. 174; *Matter of Denton*, 137 N. Y. 428; *Talmadge* v. *Seaman*, 85 Hun, 242; *Matter of Baer*, 147 N. Y. 348; *Washbon* v. *Cope*, 144 N. Y. 297; *Benson* v. *Corbin*, 145 N. Y. 351; *Stokes* v. *Weston*, 142 N. Y. 433; *Mullarky* v. *Sullivan*, 136 N. Y. 227.) The rule of construction of the words "legal representatives" is that they must have the meaning of executors or administrators, unless there be facts existing or it can be seen that they were not used in their ordinary sense. (*Matter of Allen*, 151 N. Y. 243; *Sulz* v. *M. R. F. L. Assn.*, 145 N. Y. 563; *Griswold* v. *Sawyer*, 125 N. Y. 411; *Geoffroy* v. *Gilbert*, 15 Misc. Rep. 60; 2 Edm. Sel. Cas. 447; *Johnson* v. *Brasington*, 156 N. Y. 181; *Phyfe* v. *Phyfe*, 3 Bradf. 45.) There is no residuary estate created under the will. (*Skrynesher* v. *Northcote*, 1 Swanst. 570; *Beekman* v. *Bonsor*, 23 N. Y. 298; *Kerr* v. *Dougherty*, 79 N. Y. 327; *Floyd* v. *Carow*, 88 N. Y. 566; *Downing* v. *Marshall*, 23 N. Y. 382; *White* v. *Howard*, 46 N. Y. 144.) Mary A. Avery, as niece of the testator, is entitled to the entire fund. (R. S. art. 3, pt. 2, chap. 6, § 75; Redfield on Surrogates [4th ed.], 649.)

*Henry A. Forster* and *John A. Weekes, Jr.*, for appellant Margaret A. Kane. The next of kin of George Wolfe Gillespie and John Clark Gillespie surviving at the date of distribution are alone entitled to participate in the principal of the $10,000 bequest. (*Matter of Baer*, 147 N. Y. 348; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Matter of Smith*, 131 N. Y. 239; *Vincent* v. *Newhouse*, 83 N. Y. 505; *Teed* v. *Morton*, 60 N. Y. 502; *Delafield* v. *Shipman*, 103 N. Y.

463; *Shipman* v. *Rollins*, 98 N. Y. 311; *Smith* v. *Edwards*, 88 N. Y. 92; *Delaney* v. *McCormack*, 88 N. Y. 174; *Hobson* v. *Hale*, 95 N. Y. 588.) The words "and to their lawful representatives" mean next of kin of George Wolfe Gillespie and John Clark Gillespie, and are words of purchase and not of limitation. (*Greenwood* v. *Holbrook*, 111 N. Y. 465; *Griswold* v. *Sawyer*, 125 N. Y. 411; *Bishop* v. *Grand Lodge*, 112 N. Y. 627; *Lee* v. *Dill*, 39 Barb. 521; *Underhill* v. *Fleet*, 2 Edm. Sel. Cas. 447; *Matter of Hall*, 2 Dem. 112; *Slosson* v. *Lynch*, 43 Barb. 147; *Luce* v. *Dunham*, 69 N. Y. 36; *Murdock* v. *Ward*, 67 N. Y. 387; *Woodward* v. *James*, 115 N. Y. 336). The defendants Margaret A. Kane and Christopher Wolfe are the first cousins and nearest relatives of George Wolfe Gillespie and John Clark Gillespie, and as such are their next of kin. First cousins are next of kin when they are the nearest relatives of an intestate. (2 R. S. 96, § 75, subd. 5; 3 R. S. [7th ed.] 2304; *Adee* v. *Campbell*, 79 N. Y. 52; 24 Am. & Eng. Ency. of Law, 386, 387.) Where a legacy lapses it passes to the next of kin of the testator at the time of his death and to their personal representatives, and not to those who are the testator's next of kin at the time the contingency occurred which produced the intestacy. (*Greenland* v. *Waddell*, 116 N. Y. 245; *Simonson* v. *Waller*, 9 App. Div. 503; *Hoes* v. *Van Hoesen*, 1 Barb. Ch. 379; *Matter of Kane*, 2 Barb. Ch. 375.)

*John Mason Knox* for Christopher Wolfe, appellant. Christopher Wolfe and Margaret A. Kane are each entitled to a half of the fund. (*Teed* v. *Morton*, 60 N. Y. 506; *Smith* v. *Edwards*, 88 N. Y. 103; *Delaney* v. *McCormack*, 88 N. Y. 183; *Delafield* v. *Shipman*, 103 N. Y. 467; *Warner* v. *Durant*, 76 N. Y. 133; *Shipman* v. *Rollins*, 98 N. Y. 311; *Bowditch* v. *Ayrault*, 43 N. Y. S. R. 586; *Vincent* v. *Newhouse*, 83 N. Y. 505; *Kelso* v. *Lorillard*, 85 N. Y. 177; *Dana* v. *Murray*, 122 N. Y. 613.)

*Charles S. Martin* for Catherine A. Kissam et al., respondents. The children of Mary Ann Gillespie did not take a

vested remainder in the fund of $10,000 on the death of the testator, but any interest which they or their issue might have had in that fund was contingent. (*Smith* v. *Edwards*, 88 N. Y. 103; *Warner* v. *Durant*, 76 N. Y. 136; *Kilpatrick* v. *Barron*, 125 N. Y. 754; *Shipman* v. *Rollins*, 98 N. Y. 311; *Hobson* v. *Hale*, 95 N. Y. 588; *Delaney* v. *McCormack*, 88 N. Y. 183; *Matter of Smith*, 131 N. Y. 247; *Matter of Baer*, 147 N. Y. 348; *Wood* v. *Mitcham*, 32 N. Y. 375.) Owing to the death of the children of Mrs. Gillespie, during the lifetime of their mother, leaving no descendants them surviving, the remainder over to them lapsed, and the fund became property undisposed of under the will. (13 Am. & Eng. Ency. of Law, 30; *Matter of Hulse*, 35 Hun, 332.) The testator having died leaving the $10,000 in dispute undisposed of by his will, those who were his next of kin at the time of his decease, or their personal representatives, became entitled thereto. (*Matter of Kane*, 2 Barb. Ch. 375; *Greenland* v. *Waddell*, 116 N. Y. 244.)

*Charles M. Bleecker* for respondent Edward M. Clark. The remainder to the children of Mrs. Gillespie was contingent on their surviving their mother. (*Warner* v. *Durant*, 76 N. Y. 133; *Smith* v. *Edwards*, 88 N. Y. 92; *Matter of Baer*, 147 N. Y. 348; *Matter of Embree*, 9 App. Div. 602; *Campbell* v. *Stokes*, 142 N. Y. 23; *Matter of Gardner*, 140 N. Y. 122; *Goebel* v. *Wolf*, 113 N. Y. 405; *Matter of Tienken*, 131 N. Y. 391; *Townshend* v. *Frommer*, 125 N. Y. 446.) Conceding that the children of Mrs. Gillespie took a vested remainder, yet, as the gift was to them as a class, each took an interest subject to be divested by his death before his mother. (*Matter of Baer*, 147 N. Y. 348; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Puget* v. *Melcher*, 26 App. Div. 12.) The words, "and to their lawful representatives forever," are evidently words of limitation and not of purchase. (*Phyfe* v. *Phyfe*, 3 Bradf. 45; *Matter of Allen*, 151 N. Y. 243.) Where a contingent interest in personal estate is not legally and effectually disposed of by the will of the tes-

tator, it belongs to the personal representatives of those who were his next of kin at the time of his death, and not to those who are the next of kin at the time of the happening of the contingency upon which the intestacy as to that contingent interest depends. (*Greenland* v. *Waddell*, 116 N. Y. 234; *Hoes* v. *Van Hoesen*, 1 Barb. Ch. 379; *Wood* v. *Keyes*, 8 Paige, 365; *Simonson* v. *Waller*, 9 App. Div. 503; *Van Nostrand* v. *Marvin*, 16 App. Div. 28; *Brown* v. *Richter*, 25 App. Div. 239.) The provisions for the widow being in lieu of all claims against the estate, real or personal, neither she nor her legal representatives were entitled to share in the fund in question. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Matter of Hodgman*, 140 N. Y. 421.)

*Henry A. Prince* and *Charles Wheeler Barnes* for William N. Clark et al., respondents. Any interest which the children of Mrs. Gillespie had in testator's estate was contingent. (*Townshend* v. *Frommer*, 125 N. Y. 446; *Warner* v. *Durant*, 76 N. Y. 133, 136; *Hobson* v. *Hale*, 95 N. Y. 588; *Shipman* v. *Rollins*, 98 N. Y. 311; *Delafield* v. *Shipman*, 103 N. Y. 468; *Smith* v. *Edwards*, 88 N. Y. 92; *Matter of Baer*, 147 N. Y. 348; *Teed* v. *Morton*, 60 N. Y. 502; *Vincent* v. *Newhouse*, 83 N. Y. 505.) The words "lawful representatives forever" used in the will were words of limitation and not of purchase. (*Geoffroy* v. *Gilbert*, 5 App. Div. 98, 102; *Sulz* v. *M. R. F. L. Assn.*, 145 N. Y. 563; *Matter of Allen*, 151 N. Y. 243; *Phyfe* v. *Phyfe*, 3 Bradf. 45.) The testator died intestate as to the final disposition of the fund of $10,000 after the death of Mrs. Gillespie. (*Howland* v. *Clendenin*, 134 N. Y. 310.) The persons who are now entitled to this fund are those who were the testator's next of kin at the time of his death, or, in the event of their death, those persons who succeeded to their rights. (*Greenland* v. *Waddell*, 116 N. Y. 245; *Hoes* v. *Van Hoesen*, 1 Barb. Ch. 379; *Matter of Kane*, 2 Barb. Ch. 375.)

*Richard H. Mitchell* for Isabella Hoffmire et al., respondents. The title to the fund of $10,000 was vested in the exec-

utors and trustees. (*Matter of Baer*, 147 N. Y. 348; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 130.) The words "lawful representatives" of the children as used in the will mean the issue of such children, and they having died before their mother, the legacy lapsed and the fund became property undisposed of and passed to the testator's next of kin at the time of his death. (Code Civ. Pro. § 2732; *Greenwood* v. *Holbrook*, 111 N. Y. 470.) The life legacy having lapsed if it did not pass to testator's next of kin at the time of his death and their successors, then it became a part of the residuum of testator's estate and should be disposed of as pointed out by the residuary clause of his will. (*Matter of Benson*, 96 N. Y. 499; *Riker* v. *Cornwell*, 113 N. Y. 115; *Booth* v. *Baptist Church*, 126 N. Y. 245; *Carter* v. *Bd. Education*, 144 N. Y. 621; *Floyd* v. *Carow*, 88 N. Y. 560; *Matter of Miner*, 146 N. Y. 121; *Lamb* v. *Lamb*, 131 N. Y. 227.) There are only two methods of disposing of the $10,000 trust fund. Either it passed under the residuary clause of the testator's will to the eight nieces and nephews of the testator and their successors in interest, or, as personal property undisposed of at the time of his death, it passed to those who were testator's next of kin at that time, and to those succeeding to their rights. (*Greenland* v. *Waddell*, 116 N. Y. 245.)

HAIGHT, J. This action was brought to determine to whom a fund of ten thousand dollars belongs.

The facts, so far as pertinent, are in substance as follows: Thomas L. Clark died August 8, 1853, leaving a last will and testament dated March 3, 1848, which was duly proved and admitted to probate. After making certain specific bequests he gives and devises to his executors and trustee all his real estate and personal property not before disposed of, upon trust, to reduce to possession and receive the rents, incomes and profits, to sell the real estate and to invest the proceeds together with the personal estate and to apply the income thereof to his wife for life. He then directs "from and immediately after the decease of my said wife I will and

direct that as to $10,000 of the principal moneys to be invested as aforesaid, my said executors and trustees shall stand possessed of the same in trust to apply the interest thereof to the use of my niece Mary Ann, wife of my executor George D. H. Gillespie for and during her natural life so as she may not anticipate the same, and from and immediately after her decease, upon trust, to pay over and divide the said principal sum of $10,000 unto and among all her children, share and share alike, and to their lawful representatives forever, as tenants in common, *per capita*, the issue of any such child who may then be dead to take his or her deceased parent's share." The testator then directs that on the death of his wife all the rest and residue of the money directed to be invested, other than the $10,000, his trustee shall pay over and divide the same unto and among his nephews and nieces, naming them, "their respective heirs, executors, administrators or assigns forever, in equal shares, as tenants in common, *per capita*, the issue of any such child of either of my said brothers who may be then dead to take his or her deceased parent's share." He then concludes by appointing his executors and trustee. The testator's widow died in March, 1872. Mary Ann Gillespie had two sons, George Wolf Gillespie and John Clark Gillespie, and they were both living at the time of testator's death. George died in the year 1870, in the lifetime of the testator's widow, unmarried, without issue and intestate, leaving his father, George H. Gillespie, as his only next of kin. John, the other son, died in the year 1873, after the death of the testator's widow, intestate and without issue, leaving his widow, Anna G. Gillespie, and his father, George H. Gillespie, as his next of kin. Mary Ann Gillespie died September 12th, 1894. The estate of the testator passed into the hands of his trustee by reason of the trusts created by the will, and has been executed in accordance with its provisions down to the termination of the trust estates, which occurred at the death of Mary Ann Gillespie on the 12th of September, 1894, and there now remains in the hands of the trustee the principal sum of $10,000 for distribution,

The defendants, either as appellants or respondents in this court, assert conflicting claims thereto. Henry G. Cammann, as one of the legatees under the will of the father of the two sons of Mary Ann Gillespie, claims that the fund vested in the sons George and John at the death of the testator. Walter B. Johnson, as committee of Mary A. Carroll, one of the next of kin of the widow of the son John, claims that the fund vested in the son John upon the death of the testator's widow. Christopher Wolf and Margaret Kane were the next of kin of the sons at the time of the death of their mother, Mary Ann Gillespie, and claim that the fund vested in them at that time as the representatives of the deceased sons. Mary A. Avery was the sole surviving next of kin of the testator at the time of the death of Mary Ann Gillespie, and claims that there was no vested remainder in the fund in the sons George and John, and that upon their death, without issue, the legacy lapsed and became vested in the sole surviving next of kin at the time of the death of Mary Ann Gillespie. The other claimants are the children or representatives of deceased nephews and nieces of the testator in being at the time of his decease, and they claim that the remainder did not vest in the sons, but was contingent, and the sons having both died before the termination of the life estate created by the will, without issue, the testator died intestate as to this fund, and that it should be divided among them. The referee ordered judgment in accordance with this latter contention, and the Appellate Division has affirmed such determination.

Various rules of the interpretation of wills have been invoked, among which are the following:

1. The law favors the vesting of legacies.

2. The testator is presumed to have intended to dispose of all his property, and an interpretation which results in partial intestacy will not be favored.

3. If futurity is annexed to the substance of a gift the vesting is suspended.

4. If the gift is absolute and only the time of payment is postponed, the gift is not suspended but vests at once,

5. Where the gift is only found in a direction to pay at a future time, time will be deemed to be of the essence of the gift; but if the amount of the gift is to be severed instanter from the general estate for the benefit of the legatee, and the interest thereon paid him until the period of distribution, a mere direction to pay at such a period will constitute a present gift.

And 6. Where a clause in a will is capable of two interpretations, the one should be adopted which prefers the persons of the testator's blood to strangers.

While these rules are well recognized, and often control the determination of the meaning of wills, they all have exceptions, and must give way to the intention of the testator as expressed in the will.

The paramount question presented upon this review is as to whether the testator intended to vest in the sons of Mrs. Gillespie the $10,000 which was given to the trustees for her use during life. It is contended on behalf of some of the appellants that *Matter of Brown* (154 N. Y. 313) is controlling on this question, and that under it the amount must be deemed to have vested in the sons at the death of the testator. There is, however, one important distinction between this will and the one which we had under consideration in the *Brown* case. In that case the testator, Abraham Wing, died leaving him surviving a widow and two daughters, each of which had children; after making certain specific bequests, he gave and devised all the rest and residue of his estate to his executors in trust, with directions to pay a certain annuity to his widow, and the rest of the income to his daughters; and in case of the decease of either of his daughters during the lifetime of his widow, then, "and in such case to pay the half share of said income to the children of such deceased daughter which would have belonged and been paid to the deceased daughter had she survived."

The will contained a similar provision in case both daughters should die during the lifetime of the widow, requiring the income to be paid respectively to the children of each. On the

decease of the widow and daughters, the estate went to the grandchildren, they taking their mother's portion. It will be observed in that case there were no words of survivorship used with reference to the grandchildren, such as their descendants, or such as then survived; which were important considerations in determining the meaning of that will, and induced us to hold that, under the statute, the estate vested in the grandchildren, they all being alive at the death of the testator, and having an immediate right of possession upon the determination of the life estate. In the will we now have under consideration, the provision materially differs. "And from and immediately after her decease, upon trust, to pay over and divide the said principal sum of $10,000 unto and among all her children, share and share alike." Had the testator stopped here, we should have regarded this will to be in substance the same as in the *Brown* case, and should not have hesitated to hold that the legacies vested in the sons; but the testator proceeds, " and to their lawful representatives forever, as tenants in common, *per capita*, the issue of any such child who may then be dead to take his or her deceased parent's share." Here we have an express provision of the will which seems to negative the claim that the estate vested in the sons. The testator apparently understood that it might happen that the sons would not survive his widow or their mother, and, therefore, undertook to provide for such a contingency by giving the estate to the issue of the sons in case of their death. If the estate was intended to vest in the sons, then, upon the death of either of them, the estate would pass to their executors or administrators and might never reach the issue of such deceased child; but here we find, seemingly, an intention disclosed that the issue of the deceased child should take rather than the executors or administrators. It is contended that the words, " and to their lawful representatives forever," are used as words of succession or substitution, and not of limitation. We are aware that the words, lawful representatives, are often intended to mean executors and administrators, but to so construe the words in this case would not only render meaning-

less the provision which follows, but would, as we have shown, be in conflict with the testator's evident intention of having the estate go to the issue of the sons, should they die during the lifetime of their mother.

The learned Appellate Division invokes the rule that when the gift is found only in a direction to the trustees to pay over to the sons, on the death of their mother, time is of the essence of the gift. This rule, we held, had no application in the *Brown* case for reasons there stated and to which we have here already called attention; but, as we have shown, the provisions of the will in this case are materially different, and the reasons for not applying the rule in the *Brown* case are not found in this. It is true that the rule has many exceptions and is seldom alone relied upon. It is, however, recognized by the courts as an aid in the determination of the meaning of wills and in a proper case should be given reasonable weight.

The view that we entertain of this will is, that the testator intended the estate to go to the issue of the sons of Mrs. Gillespie in case of the death of either during the existence of the life estate. No issue of these sons were in being at the death of the testator, and it was uncertain as to whether they would ever have issue. The remainder was, therefore, contingent and not vested, for the reason that the persons to whom, or the event upon which the estate was limited to take effect, remained uncertain until the termination of the life estate. Futurity was annexed to the substance of the gift and the vesting was suspended.

A discussion of the authorities we do not consider necessary. There is a long line of cases in which it has been held that the remainders were vested, and another line of cases, equally as long, holding remainders contingent, which cases have been disposed of under the peculiar phraseology of the wills under review in those cases. Our attention has been called to no case in which the precise language of this will has been considered in this court. *Matter of Baer* (147 N. Y. 348); *Matter of Allen* (151 N. Y. 243), and *McGillis* v. *McGillis* (154

N. Y. 532) are among the recent cases in which remainders have been held to be contingent and in some respects form a precedent for the conclusion which we have reached in this case.

. The sons of Mrs. Gillespie having died without issue during the lifetime of their mother, and before they became vested with the estate, the question arises as to what disposition, if any, has been made of the estate. Under the provisions of the will, after the death of the testator's widow, the sum of $10,000 was continued in the hands of the executors and trustees to apply the interest or the income to Mrs. Gillespie during life, and all the rest and residue of the estate, other than the $10,000, the executors and trustees were directed, at that time, to pay over and divide among the eight nephews and nieces of the testator, naming them. These nephews and nieces were given no part or interest in the $10,000 reserved for the benefit of Mrs. Gillespie, and there was no other residuary estate created or provided for into which the $10,000 item could fall. It, therefore, follows that in case there are no persons who can take as remaindermen, under the will, the testator died intestate as to this sum. Intestacy exists as to everything not disposed of, or which turns out not to be disposed of by the will, whether by reason of the inability of an attempted disposition or other accident. There being no disposal of the estate by the will, it follows that it must be distributed under the Statute of Distribution (*Lefevre* v. *Lefevre,* 59 N. Y. 447.)

Among the conflicting claims made to this fund, we find one in which it is insisted that the testator's next of kin, at the time of the termination of the life estate, are the persons to whom the distributions should be made, and not to those who were next of kin at the time of the testator's death, or their personal representatives. Chancellor WALWORTH, speaking upon this subject, says: "Where a reversionary interest in personal property is not disposed of by the will of the testator, it does not necessarily belong to those who may happen to be his next of kin at the termination of the particular estate

or interest in such property which is bequeathed by him, but, as an interest in the property undisposed of by the will, it belongs to the widow and next of kin of the decedent who were entitled to the distributive shares in such unbequeathed interest at the death of the testator." (*Hoes* v. *Van Hoesen*, 1 Barb. Ch. 379; *Matter of Kane*, 2 Barb. Ch. 375; *Greenland* v. *Waddell*, 116 N. Y. 234, 245.)

An argument is presented to the effect that there was no intestacy as to this fund at the death of the testator, and no invalidity in the bequest for the lives of the widow and Mrs. Gillespie, but such intestacy occurred at the death of Mrs. Gillespie, who left no children her surviving, or issue of such children, and until the happening of that event it could not be determined who was entitled to the fund, and, consequently, those who occupied the relation of next of kin at that time were the persons entitled.

Such might have been the case if the estate had passed under the will, but inasmuch as the will fails to dispose of the fund, it must be disposed of under the statute which must be resorted to in order to determine the interest, as well as the persons among whom distribution must be made. The persons and the only persons who are entitled to take by virtue of the statute are those who answer to the legal definition of next of kin at the time of the death of the intestate; if, for any reason the bequest made ultimately fails to take effect according to the testator's intention, the property remains undisposed of by the will, and the testator has died intestate as to such property and it immediately reverts to his personal representatives, appointed or to be appointed in trust for his next of kin.

The rights of persons claiming under a will are to be ascertained and determined in view of all its provisions and by the application of settled rules of construction governing such instruments. If, on such constructions, no rights of property can be claimed under the will, the provisions of the Statute of Distribution must control and alone determine the rights of the parties.

42

We think the case was properly disposed of below, and that the judgment should be affirmed. In view of the fact that the case is somewhat complicated, we think that the plaintiff should recover costs, payable out of the estate.

All concur.

Judgment affirmed.