Testatrix bequeathed her residuary estate to executors as trustees to convert the same into cash, and pay the income of one-half of it to a sister, and on her death divide the principal equally among her children. Such children as were of age assigned all their interest to their mother, who released to herself the income. *Held*, that the mother did not thereby acquire a right to the immediate payment of the remainder to her under Laws 1896, c. 547, art. 3, § 83, and Laws 1897, c. 417, § 3, these statutes having application only where the beneficiary of the trust sought to be terminated is entitled in his own right to the remainder; and the children, having no absolutely vested interests in the remainder until the death of their mother, could convey nothing by their deeds.

In the matter of the judicial settlement of the accounts of John M. Hogarty, executor and testamentary trustee. Decree rendered.

Rufus B. Cowing, Jr., special guardian, contestant.

Louis A. Noble, for Kate E. Leach, respondent claimant.

THOMAS, S. By the will of the testatrix, after directing the payment of a small legacy, she devised and bequeathed all the residue of her estate, both real and personal, to her executors, in trust to sell and convert the same into cash, and to dispose of the same as follows:

"To pay over to my sister Kate E. Leach the net income arising from the equal one-half part of my estate during her life. To pay over to my sister Mary A. Charles the net income arising from the other equal half part of my said estate during her life. On the death of my sister Kate E. Leach to pay over, distribute, and divide the equal one-half part of my said estate to and among the children of my said sister Kate E. Leach, share and share alike; and, in the event of any such children being minors, it is my wish that their father shall have no power or control to dispose of any share or shares bequeathed to such children by me. On the death of my said sister Mary A. Charles to pay over, distribute, and divide the other equal one-half part of my said estate to and among the children of my said sister Mary A. Charles, share and share alike."

Mrs. Leach had, at the time of the death of the testator, three children, all of whom are still living and are now of full age. These children have executed an instrument purporting to transfer to their mother all the interest which they have by virtue of the will, and their mother, by another instrument, has assumed to release to her-

---

[1] For opinion on appeal, see 70 N. Y. Supp. 839.

self the income of the share directed by the will to be paid to her, claiming to be vested with the remainder interest in the property from which such income was derived. It is now contended in her behalf that the trust created by the will in favor of Mrs. Leach and her children is extinguished, and that she is entitled to an immediate payment and transfer of one-half of the residuary estate, reliance being placed upon the provisions of section 3 of chapter 417 of the Laws of 1897, and section 83 of article 3 of the real property law (Laws 1896, c. 547). These statutes have application only to a case where the beneficiary of the trust sought to be terminated is also entitled in his own right to the remainder of the fund or the estate. It is not sufficient that he shall have acquired rights which may probably ripen into absolute title, but which amount to something less than a present legal title to the entire remainder. The solution of the present question must, therefore, depend upon the inquiry as to whether Mrs. Leach, by the deed from her children, has acquired such a title. Mills v. Mills, 50 App. Div. 221, 63 N. Y. Supp. 771. The rights of the children are something less than absolutely vested interests. No devise or bequest is made to them directly, and no direct gift is made to them. They are to receive the bounty of the testatrix from the executors, and not until after the death of their mother. They will then take as members of a class, to wit, the children of their mother. "The case is, therefore, within that class of cases which establish the principle that, where final division and distribution is to be made among a class, the benefits of the will must be confined to those persons who are included within the class at the date when the distribution or division is directed to be made. In such case the gift is contingent upon survivorship, and that survivorship at the time of distribution is an essential condition to the vesting of an interest in the subject of the gift." Per Rumsey, J., in Clark v. Cammann, 14 App. Div. 127, 130, 43 N. Y. Supp. 575, affirmed 160 N. Y. 315, 54 N. E. 709; Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184; In re Baer, 147 N. Y. 352, 41 N. E. 702; In re Crane, 164 N. Y. 71, 80, 58 N. E. 47. The deeds of the children of Mrs. Leach conveyed no title whatever. It is true that, if they survive their mother, and the deeds contain covenants for title, the deed of each may become operative as an estoppel against him. But, if they should all die before her, the title may pass by inheritance from the testatrix, and any other child born to Mrs. Leach would have the right to a share. This conclusion requires the continuance of the trust property in the hands of the executors.

Decreed accordingly.