Testator, by a clause in his will, created a trust for his son, who died without issue. His wife died before her husband. Testator gave $2,000 to such wife if the son died without issue or descendants. Another clause of the will directed that, if the son died without issue or descendants, the residuary estate, after payment of the legacy to his wife, if living, should go to certain collaterals. *Held*, as the legacy never vested in the son's wife, her administrator was not entitled to it as against the remainder-men.

2. SAME.

Where a clause in a will is capable of two interpretations, that one will be adopted which prefers the persons of testator's blood to strangers.

In the matter of the estate of Stewart C. Boyce. Will construed.

Testator left surviving as his only next of kin and heir at law his son, Halley S. Boyce. The son then had a wife, who died intestate about May 1, 1894, leaving the said Halley surviving, but leaving no issue. Thereafter, and March 27, 1901, letters of administration upon her personal estate were granted by the surrogate's court to one Lewis N. Northam. Halley S. Boyce died in June, 1900, leaving no widow, descendant, or descendants him surviving. Halley was given by his father's will a life estate in certain real estate, which the executors were authorized to sell upon the death of the son, unless sold prior to that event upon his request. Upon the death of Halley the avails of such sale were to be divided among his descendants, if he left any surviving; if not, they were to pass into testator's residuary estate, to be disposed of as provided in the residuary clause of his will. By the fifth clause of his will, testator created a trust fund of $6,000, to be held by his executors, and the annual or semiannual income thereof to be by them paid over to Halley, the son, during his lifetime, and the sum of $500 of the principal to be paid to Halley when he became 35 years old; and the further sum of $500 when he became 40 years of age. That clause further provided that upon the death of the said Halley, if he should die leaving a child, children, or descendants, testator bequeathed the sum of $1,000 of that trust fund to the wife of his son Halley, and the rest and residue thereof to the child, children, or descendants of Halley; and that, if the son died leaving no child, children, or descendants him surviving, testator bequeathed the sum of $2,000 to the wife of his said son. The eighth, or residuary, clause of testator's will is as follows: "Eighth. All the rest,

residue, and remainder of my estate, including the proceeds and avails of the sale of my dwelling house on Elm street, in said village of Lowville, should my said son, Halley S. Boyce, die without leaving issue or descendants, as mentioned and provided in the fourth item of this instrument, together with the rest, residue, and remainder of the fund or moneys set apart for my said son, Halley S. Boyce, as mentioned and provided in the fifth item or clause of this instrument, should my said son Halley S. Boyce die leaving no issue or descendants, after payment therefrom of said legacy to his wife, if then living, I give, devise, and bequeath as follows, to wit: To Pauline, the daughter of my brother Horace Boyce, the sum of fifteen hundred dollars ($1,500), and to Martha, the daughter of my brother Horace, the sum of two thousand dollars, and the balance, rest, residue, and remainder, unto my two brothers, John Boyce and Horace Boyce, and to my sister, Olive Becker, to be divided among and between them equally, share and share alike."

Ryel & Merrill, for executors.

W. J. Fletcher, for administrator of Olive Becker, deceased, a residuary legatee.

C. S. Mereness, for administrator of Horace Boyce, deceased, a residuary legatee.

Louis B. Dewey, for John K. Boyce, a residuary legatee.

Breen & Breen, for administrator of Josephine Boyce, deceased.

TURNER, S. Several questions have arisen during the hearing of this matter, but the paramount one at present is the construction of the fifth and eighth clauses of the will of Stewart C. Boyce, the testator herein. Counsel for the representative of the estate of Josephine Boyce contend that upon the decease of testator the bequest of the $2,000 mentioned in the fifth clause or item of the will in question vested immediately and absolutely in Josephine as the wife of Halley S. Boyce, the son of testator, and that the administrator is now entitled to that sum. This claim is controverted by counsel for the residuary legatees. At the time of the execution of the will Josephine was the wife of Halley, the son, and both survived testator. The intent of the testator is to be ascertained from the language of his last will and testament in its entirety, and not from fragmentary portions thereof; and effect is to be given, if possible, to all the provisions, and no clause is to be rejected or interest intended to be given sacrificed on the ground of repugnance, when it is possible to reconcile the provisions supposed to be in conflict. Taggart v. Murray, 53 N. Y. 233. It is somewhat significant that in the will in question testator nowhere mentions by name the wife of his son. This suggests the inquiry, did he, at the time he made and executed that instrument, have in mind or intend as the object of his bounty upon the decease of his son the then living wife of Halley, or such wife as the son should leave at his death as his surviving widow? The wife (Josephine) of Halley, the son, died in 1894, and Halley six years later, no issue of the marriage having been born to them. Now, if he had again married, and had died leaving the second wife as his widow, what would have been her status under the will in question? In the absence of ambiguity, reasonable certainty as to the beneficiary intended is an important factor in determining the validity of a bequest. Testator's will discloses that

his dominant purpose was to provide for his son during his lifetime, and any descendant or descendants he might leave, and that in default of such persons relatives of his blood should be the recipients of his property, save a small legacy to a servant in his family, and the conditional bequest to his son's wife. To determine whether or not the contention of the learned counsel for the representative of the estate of Josephine is well predicated, reference must be had to the will in question, and the fifth and eighth clauses read and construed together, as may be done under well-settled rules of law.

The fifth clause relates to the trust fund for the benefit of the son, and contains this provision:

"And upon the death of my said son, Halley S. Boyce, I give and bequeath the sum of one thousand dollars of said principal so set apart and remaining at his death unto the wife of my said son, and the rest, residue, and remainder thereof I give and bequeath unto the child, children, or descendants of my said son, Halley; * * * but should my said son, Halley S. Boyce, die without leaving him surviving child, children, or descendants, then I give and bequeath the sum of two thousand dollars from said principal sum aforesaid to the wife of my said son, Halley S. Boyce."

The eighth, or residuary, clause is as follows:

"All the rest, residue, and remainder of my estate, including the proceeds and avails of the sale of my dwelling house on Elm street, in said village of Lowville, should my said son, Halley S. Boyce, die without leaving issue or descendants as mentioned and provided in the fourth item of this instrument, together with the rest, residue, and remainder of the fund or moneys set apart for my said son, Halley S. Boyce, as mentioned and provided in the fifth item or clause of this instrument. Should my said son, Halley S. Boyce, die leaving no issue or descendants, after payment therefrom of said legacy to his wife, if then living, I give, devise, and bequeath as follows."

The law is well settled that, if futurity is annexed to the substance of the gift, the vesting is suspended. Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709. Another well-settled rule is that, where a clause of a will is capable of two interpretations, the one should be adopted which prefers the persons of testator's blood to strangers. While, as a general rule, the law favors the vesting of legacies as soon as possible after the death of the testator, it is a question of intent. The will must be construed as made, and the intent of the testator as therein made manifest must control. Bowditch v. Ayrault, 138 N. Y. 222, 34 N. E. 514. The provisions relating to testator's bequest to his son's wife are contained in the fifth and eighth, or residuary, clause of the will in question, and they are clear and certain, and, when read together, show beyond doubt or question that survivorship of the wife upon the decease of Halley, the son, was a condition precedent or a contingency which must happen before there could be any vesting of that legacy. The intent of the testator is the paramount rule of construction, and, if not violative of statutes or fundamental principles of law, it must prevail. The intent and purpose of testator in the case at bar to limit and to make the bequest to Halley's wife conditional upon her survivorship is clearly expressed in the eighth or residuary clause, and cannot be disregarded. It is clear to me there was no vesting of that legacy, as the condition or contingency upon which it would be-

come vested, never did and could not happen, because of the death of the son's wife prior to his decease, and that the $2,000 bequest to her is to be regarded as part of the residuary funds of the estate, and distributed accordingly. It therefore follows that the contention of the representative of Josephine's estate is not sustained. Let findings and a decree be prepared accordingly.

Decreed accordingly.