UNITED STATES TRUST CO. OF NEW YORK v. WHEELER et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

CONSTRUCTION OF WILL—EXECUTORY TRUST—LIFE ESTATES—CONDITIONAL REMAINDER—WHEN ESTATE VESTED.

> Testator, in his will, created a trust fund; the income to be paid to his wife during her life, and upon his death to his daughter during her life. Upon the daughter's death, if a child survived her, the principal was to be paid to such child. If she left no issue, then it was to be divided among other heirs of testator. The wife and daughter both survived testator. At that time the daughter had no issue, but subsequently a son was born. The daughter died, leaving the son her sole heir; and later the son died, leaving his father his only next of kin. *Held* that, although the estate became vested in the other heirs upon the death of testator, it was devested by the birth of the son, who survived the termination of the life estates, and upon his death his father took the estate as next of kin.

Appeal from special term, New York county.

Action by the United States Trust Company of New York, trustee of the will of Richard N. Peterson, deceased, against Schuyler S. Wheeler and others, to determine their rights in a trust fund. From a judgment for Wheeler, Mary A. Stephens and other defendants appeal. Affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Jacob W. Kahn, for appellant Peterson.
Edwin M. Wight, for appellants Stephens and another.
Messmore Kendall, for respondent Schuyler S. Wheeler.
Edward W. Sheldon, for respondent United States Trust Co.

HATCH, J. This action was brought by the trustee of the will of Richard N. Peterson, deceased, to determine the rights and interests in the trust created under the second clause of the will. The testator died on April 1, 1894, and by the terms of his will he provided, among other things, as follows:

"Second. I give and bequeath to the United States Trust Company of the City of New York the sum of fifty thousand dollars, in trust, nevertheless, to take, manage, and invest the same, and the income therefrom in quarterly yearly payments, so far as such payments may be practicable, to pay to my wife, Henrietta Peterson, so long as she may live, and upon her death to pay such income to my daughter, Ella A. Wheeler, so long as she shall live, and upon the death of my daughter, if she shall leave a child or children her surviving, to pay the said principal sum of fifty thousand dollars, and any accumulations thereof, to said child or to said children, in equal shares.  *  *  *

"Fifth. Upon the death of my daughter, Ella A. Wheeler, without leaving a child or children her surviving, and also upon the death of my wife, Henrietta Peterson, I give, devise, and bequeath one-half of so much of my estate as is hereinbefore, by the second and third divisions of this will, given and bequeathed to the trustees therein named, to my sister Mary A. Stephens, and one-sixth thereof to my brother William G. Peterson, and one-sixth thereof to my nephew Richard G. Peterson, and one-sixth thereof to my niece Amelia Peterson."

The wife of the testator and the daughter, Ella A. Wheeler, survived the testator. At that time the daughter had no issue, but on January 5, 1895, a son, Richard S. Wheeler, was born. On April 8, 1895, Ella A. Wheeler died, leaving said Richard S. Wheeler her sole heir and next of kin. This infant son died on November 22, 1896, leaving his father, Schuyler S. Wheeler, his only next of kin, to whom letters of administration were duly issued. In July, 1894, the plaintiff trust company received $50,000 in cash from the executors of Richard N. Peterson, deceased, and administered the trust until the death of testator's wife, on July 4, 1901. The fund of $50,000 created by the trust is now claimed by Schuyler S. Wheeler as sole next of kin of Richard S. Wheeler, deceased, and as administrator of his estate, and by Mary A. Stephens, William G. Peterson, Richard G. Peterson, and Amelia Peterson as legatees under the fifth clause of the will.

We think the construction of this will is plain, both by its express language, and from the scheme of the will as a whole, so far as the trust fund which is the subject of this action is concerned; and that is the only question in which we are now interested. The express provision of the second clause of the will is to pay to the wife the income so long as she shall live, and upon her death to pay such income to the daughter so long as she shall live. Then comes the period of distribution. Upon the death of the daughter, if she leave a child or children her surviving, the trustees are then directed to pay the trust fund and its accumulation to such child or children, in equal shares. If the daughter die without leaving a child or children, then the defendants, by virtue of the fifth clause of the will, are to take the fund in manner and form therein specified. It is evident, therefore, that the intent of the testator was to carve out from the fund the two life estates, and then to distribute and pay over the fund to the issue of the daughter or to the collateral relatives. The language is so plain and the provisions of the will so particular in these respects as to admit of no doubt as to the intention of the testator. It is doubtless true that, as there was not at the date of the death of the testator any child or children of the testator's daughter then living, the title to the fund, not having been vested in the trustee, became

immediately vested in the defendant appellants (Barber v. Brundage, 50 App. Div. 123, 63 N. Y. Supp. 347, affirmed on appeal in 169 N. Y. 368, 62 N. E. 417); the rule in this respect being the same to personal property as to real property. There were at this period parties in being who would take immediately upon the termination of the two life estates. The title thus vested in these defendants, however, was subject to be devested by the birth of a child or children to the daughter who should survive the termination of the life estates. Dougherty v. Thompson, 167 N. Y. 472, 60 N. E. 760. This is exactly what occurred, and what was within the fair contemplation of the testator, as indicated by the scheme of the will; and he made precise provisions for such contingency. It therefore follows that as the life estate terminated, leaving surviving a child, the issue of the daughter, a time had then arrived for the distribution of the estate; and, as the birth of the surviving child devested the defendants of the estate theretofore vested in them, such child took the whole fund, and the contingencies provided for in the fifth clause of the will were defeated. As the estate became vested in the surviving child, upon its death its father took its estate, he standing in relation thereto as next of kin.

Nothing which is contained in Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709, militates against this construction. Therein the fund provided to be held in trust for the life of the niece was made, by the terms of the will, immediately payable to her surviving children, and to the issue of any such child who had deceased. At the time of the testator's death two children of the life tenant were living, but these children predeceased their mother, leaving no issue. Consequently there was no child or children living at the termination of the life estate, and, as the will made no provision for such a contingency, it was held that the testator died intestate as to the remainder of the fund. The two cases are not at all parallel, for here the child survived the termination of the life estate; and it is clear that the testator would not have died intestate, had not such contingency happened, as to the remainder of the fund, but the same would have gone, by express and particular direction, to the defendants, by virtue of the provisions contained in the fifth clause of the will. It is needless to point out all of the distinctions which appear in the discussion in the Clark Case and the language and scheme of the present instrument. The farther they are pointed out, the greater their disparity appears. Nor is anything which is contained in Lese v. Miller (Sup.) 75 N. Y. Supp. 675, in conflict with the conclusion at which we have arrived. Therein by the provisions of the will it was held that the title to the estate became vested in the trustees during the life estate. There was no language used in that will which could be construed as a gift over to the children until after the termination of the life estate, when the direction was to convey the property to the testator's children, share and share alike, or to the issue of such child as should have died. No part of the estate therein could vest in any of the children prior to the period of distribution, and the latter was required to be made among the children, or the issue of children, then surviving. As one child had

died, leaving issue, which also died before the period of distribution arrived, it was held that neither she nor the child took anything, as the right to take depended upon survivorship at the period of distribution, and, as no one was then in existence who could take, nothing descended to the husband of the child and the father of the issue who had died. It is evident that the two cases are entirely dissimilar. Here the child survived her mother, and the language of the will is express that the whole of the fund should then vest absolutely; the payment of the fund to be postponed until the death of the testator's widow.

It follows that the judgment should be affirmed, with costs to the respondent, payable out of the fund. All concur.