86 611
46ap 50

WALTER L. KENT, Plaintiff, *v.* SUSAN W. HOPKINS and Others, Defendants.

*Sections* 23 *and* 24 *of the Statue of Descent* (1 *R. S. p.* 754) — *inapplicable in cases of partial intestacy.*

Sections 23 and 24 of the Statute of Descent (1 R. S. p. 754) are not applicable where a testator has disposed by will of a portion of his estate. The purpose of the statute is to make equality of division in the distribution of an estate when no disposition is made by a will, but when a person who has made advances to his children makes a will, he is presumed to make it with reference to such advances, and the two acts represesent his intention with reference to the disposition of his estate.

*Thompson* v. *Carmichael* (3 Sandf. Ch. 120), followed.

MOTION by the plaintiff, Walter L. Kent, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the decision of the court, rendered after a trial at the Kings County Special Term on the 9th day of February, 1895, directing the actual partition of certain real estate.

*J. T. Marean,* for the plaintiff.

*Elihu Root, Bronson Winthrop* and *Edwin B. Root,* for the defendants.

BROWN, P. J.:

This action was brought for the partition of real estate among the heirs and devisees of Henry A. Kent, deceased. The plaintiff and the defendants, Susan W. Hopkins, Frances K. Sanger and Sheldon L. Kent, were children of said deceased, and the complaint alleged that said deceased made advancements to each of said defendants of the value of $75,000, and made none to the plaintiff. The bill of exception states that on the trial the plaintiff offered proof that such advancements were made to said defendants, that objection was made to the admission of such proof, on the ground that said deceased left a will by which he disposed of one undivided quarter of his estate, and that the advancements were, therefore, not to be taken into account in the division among his children of so much of his real estate as was undisposed of. The fact that deceased left

a will, having been admitted by the plaintiff, the objection was sustained and the proof excluded, to which ruling the plaintiff took an exception.

The question presented is whether sections 23 and 24 of the Statute of Descent (1 R. S. p. 754) are applicable to a case where a testator has disposed by will of only a portion of his estate.

The sections are as follows:

" Sec. 23. If any child of an intestate shall have been advanced by him, by settlement or portion of real or personal estate, or of both of them, the value thereof shall be reckoned, for the purposes of this section only, as part of the real and personal estate of such intestate, descendible to his heirs, and to be distributed to his next of kin, according to law; and if such advancement be equal or superior to the amount of the share which such child would be entitled to receive of the real and personal estate of the deceased, as above reckoned, then such child and his descendants shall be excluded from any share in the real and personal estate of the intestate.

" Sec. 24. But if such advancement be not equal to such share such child and his descendants shall be entitled to receive so much only of the personal estate, and to inherit so much only of the real estate of the intestate as shall be sufficient to make all the shares of the children in such real and personal estate and advancement to be equal as near as can be estimated."

This question was decided in the negative by Judge SANDFORD in 1845, in the case of *Thompson* v. *Carmichael* (3 Sandf. Ch. *120), and the reasoning of that case commends itself to our judgment. The appellant contends that the word " intestate " is not used in the statute to indicate a person who dies without a will, but one who dies without devising all his real estate, and that the term includes, therefore, a case of partial intestacy. This argument is considered in the case cited.

In all the sections preceding the twenty-third the term is used in reference to real estate and to the inheritance therein which is provided for by the particular section in which the term is used. The twenty-third section has reference to a new subject, and its provisions relate to personal estate as well as real, and the term " an intestate " describes one of a class of persons, who, in their lifetime have

made advancements with which the section deals, and the word is used in its legal and popular sense to indicate one who died without a will. The purpose of the statute was to make equality of division in the distribution of an estate when no disposition was made by will. But when a person who has made advancements to his children makes a will, he is presumed to make his will with reference to his advancements, and the two acts represent his intention with reference to the disposition of his estate. The injustice which the statute would work if applied to cases of partial intestacy is pointed out by Judge SANDFORD in the case cited, and is aptly illustrated in the brief of Mr. Charles O'Conor.. Nothing need be added to the opinion in that case. The construction there put upon the statute is in harmony with the decisions in other jurisdictions, many of which are cited in the opinion. Others to the same effect are cited upon the briefs of defendants' counsel.

No other reported case in this State has ever given a contrary interpretation to this statute. The decision has stood unchanged for half a century and is cited with approval by all the text writers upon the subject. In our opinion it correctly interprets the statute.

The exceptions should be overruled and motion denied, and judgment ordered for the defendants upon the decision of the Special Term.

DYKMAN, J., concurred ; CULLEN, J., not sitting.

Exceptions overruled and motion denied, and judgment ordered for the defendants upon the decision of the Special Term.