ELIZABETH MESSMANN, Appellant, v. ANNETTE EGENBERGER, Respondent, and WILLIAM EGENBERGER, Appellant, Impleaded with Others.

*Advancement to a child — the statute relating thereto is only applicable to a case of total intestacy.*

Section 23 of the Statute of Descent (1 R. S. 754) authorizing an advancement made to a child of " an intestate " to be reckoned as part of the intestate's estate applies only to a case of total intestacy; and in an action by the heirs at law of a decedent to partition property of which the decedent died seized, an advancement made by the decedent to one of his children cannot be considered in determining the latter's share of the proceeds where it appears that the decedent left a will by which he attempted to dispose of the entire property in question, but which was subsequently adjudged to contravene the statute against perpetuities so far as it assumed to dispose of the remainder of the property after the termination of a life estate given to the widow.

APPEAL by the plaintiff, Elizabeth Messmann, and the defendant William Egenberger, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 7th day of September, 1899, upon the report of a referee in partition.

*Charles H. Machin,* for the plaintiff, appellant.

*L. A. Fuller,* for the defendant, appellant.

*Henry Brill,* for the defendant, respondent.

INGRAHAM, J.:

This action was brought for a partition of real property. The action was referred by consent to a referee, upon whose report an interlocutory judgment was entered, and from that interlocutory judgment the plaintiff and one of the defendants appeal. There is no question of fact in dispute, the case presenting only a question of law. It appears that one Joseph A. Egenberger was seized and possessed of a lot of land in the city of New York, and that on the 21st day of June, 1891, he died, leaving a last will and testament, which was duly admitted to probate. By his will, after appointing executors, he directed, authorized and empowered his executors immediately after his decease to take charge of all his estate, real and personal, or of which at the time of his death he might be seized and possessed, in trust, to have and to hold the same as trustees, " nevertheless subject to the directions and stipulations of this my last will and testament, and I direct as follows: " The will then directed that the debts and funeral expenses be paid; that the executors erect a monument upon his burial lot; that all his apparel, jewelry, furniture and all and anything to his household belonging be given to his wife; that his real estate should not be sold during the lifetime of his children, William Egenberger and Elizabeth Egenberger, but should be held in trust for them during the whole term of their respective lives, " and upon their death shall be sold, and the amount and proceeds from such sale shall be divided amongst the children of my said son William Egenberger, and the children of my daughter Elizabeth, in case she should leave any issue. If she should die without leaving any issue, then her share shall be divided amongst the children of my son William Egenberger and my son Edward Egenberger, or his children."

The 7th clause of the will provided that the incomes from the estate, both real and personal, should be paid over to the testator's wife, Elizabeth Egenberger, *nee* Schiebel, during the whole term of her natural life, to be used and applied by her at her discretion, and

without any restrictions; she to have full charge of the real prop-. erty, and also the full incomes from the personal property, but that she should receive said incomes and accept them in lieu of her dower and all of her dower and right in the estate.

The 8th clause provided that after the death of the testator's wife " my executors and trustees shall take the incomes from my estate, providing, however, that the taxes, assessments and repairs of my real property are paid, and done, and the real property kept in good order, and divide the same amongst themselves, namely, one-half of. the surplus from incomes to go to my son William Egenberger or his children, and the other one-half to my daughter, Elizabeth Egenberger, married to George Messmann, or her children."

The 10th clause bequeaths the indebtedness of his son William to his wife. The 11th clause is as follows : " The reason why I have not bequeathed my son Edward Egenberger with any part or portion of my estate is simply that he has already received an amount fully equal in having received his education, full support and clothing, and besides a sum of nine thousand three hundred and twenty-nine $\frac{31}{100}$ dollars, which I consider a full equivalent for all his interest in my estate, and if he should contest this my will, then the sum of money which he has received already shall become due, and my executors and trustees shall collect it and apply it the same as the other portions of my estate."

This will was duly admitted to probate, and subsequently an action was brought in this court by the executors named in the will for a construction thereof, and judgment was entered in that action on the 10th day of June, 1892, in which it was adjudged. that the 6th and 8th clauses of the will were invalid and contrary to law and void, as the alienation of the estate, real and personal, is suspended for more than two lives in being; that by reason thereof the real estate descended to the heirs at law of the said testator, subject, however, to the life estate of the widow; that the widow of the testator has a life estate in the real and personal estate of which the testator died seized, and that she is entitled to the use and income of said real and personal estate during the term of her natural life, and that all of the other provisions, dispositions and directions of the said will are valid and proper to be carried into execution. No appeal was taken from this judgment, and as it stands it

binds all the parties to this action.  It would seem that the legal effect of this judgment was to declare void any trust provided for by the will, giving to the widow of the testator a life estate in the real and personal property, the remainder vesting in the heirs at law of the testator; and this conclusion is not disputed.

The referee found that the testator, at the time of his death, held the promissory note of the defendant Edward Egenberger, which was as follows:

"$9,130.81.                              NEW YORK, *Feb. 2nd*, 1891.

"On demand after date I promise to pay to the order of Joseph A. Egenberger, Nine thousand one hundred and thirty 81/100 dollars at 69 Nassau St.

"Value received.              EDWARD EGENBERGER."

The referee also found that this note has not been paid, and that it is the obligation referred to in the 11th clause of the will; and as a conclusion of law he found that the premises described in the complaint are now owned and possessed by the plaintiff and the defendants Annette Egenberger, as grantee of Edward, and William Egenberger, in equal shares, subject to the life estate of the defendant Elizabeth Egenberger in the entire property.  The appellants controvert this conclusion of law, insisting that the advance to the defendant Edward Egenberger by the testator, represented by this demand note and which was referred to in the 11th clause of the will, was an advancement which, under the Revised Statutes, should have been charged against the defendant Edward Egenberger. Whether or not the amount represented by this note was an advancement by the testator to his son is the sole question presented upon this appeal.

It is not disputed that the right to charge against an heir at law a sum of money advanced by the ancestor did not exist at common law, but is entirely regulated by statute.  The provision of the statute in force at the time of the probate of the will was section 23 of the Statute of Descent (1 R. S. 754).  It is there provided: "If any child of an intestate shall have been advanced by him by settlement or portion of real or personal estate, or of both of them, the value thereof shall be reckoned, for the purposes of this section

only, as part of the real and personal estate of such intestate, descendible to his heirs, and to be distributed to his next of kin according to law, and if such advancement be equal or superior to the amount of the share which such child would be entitled to receive of the real and personal estate of the deceased, as above reckoned, then such child and his descendants shall be excluded from any share in the real and personal estate of the intestate."

The question presented is whether or not the decedent was an intestate within the meaning of this section. This question was presented in the case of *Thompson* v. *Carmichael* (3 Sandf. Ch. 120). It was there contended, on the one side, that these provisions apply where there was an intestacy *pro tanto*, and on the other side that they are not applicable at all where there is a will proven. The court, after examining the authorities, held that a total intestacy appears to be contemplated, saying : " The words are, ' an intestate,' and the provisions relate to personal estate, which has not before been mentioned in the chapter, as well as to real estate. It is used as a general term, without qualification, and, as such, its meaning is well known and clearly defined. Both in its legal and popular sense, it means a person who dies without making a will. The same language, ' an intestate,' without addition or qualification, is used in the Revised Statutes, in the article relative to granting letters of administration. In short, a man who dies leaving a will is not *an intestate*." The conclusion arrived at in this case has never been questioned, but seems to have been approved and followed whenever the question has been presented. (*Kent* v. *Hopkins*, 86 Hun, 611 ; 1 Am. & Eng. Ency. of Law [2d ed.], 764, and cases there cited.)

Applying strictly the language used in this statute, a person who dies leaving a will which is admitted to probate cannot be said to be " an intestate." He may die intestate as to certain portions of his property, but other portions are disposed of by his will. In this case it is quite clear that the deceased was not " an intestate." He did not die intestate as to this particular property, as a life estate in it was created in favor of his wife by the will. The testator disposed of the remainder after the death of his wife, and but for the fact that those provisions contravened the statute against perpetuities, there would be a complete disposition of all his property. The disposition, however, of the remainder, after the termination of the

life estate in the wife, has been declared invalid as in violation of the statute; and, consequently, as to such remainder, he dies intestate. But a material interest in this very property was disposed of by his will, and it was only as to the ultimate disposition of the property that the Statute of Descent applied. The object of the statute is quite clear. When a will has been made disposing of the testator's real and personal estate, it will be presumed that his intention as to charges for advancements made to his children during their lives will be disclosed by the will, or provision made for carrying out his intentions in regard to them. Where he makes no will, then the law steps in and disposes of his estate; and in order to make an equitable and proper disposition of it, it is necessary to consider the advancements made by the testator during his life, and for that purpose provision is made which will insure the equitable disposition of the intestate's property.

It may be that this construction of the statute will defeat the intention of the testator; but his intention was defeated by reason of his endeavoring to create an estate by his will, which is prohibited by law. This construction has been given to the statute for over fifty years without dissent, so far as appears, in any court of this State. It is consistent with the construction given to the statute from which this provision in our statute came by the courts in England, and we should not be justified at this date in changing what has become a rule of property.

It is not necessary to determine the effect of the clause of the will relating to the indebtedness of the defendant Edward Egenberger. From the note it would appear that the transaction was rather a loan to the son by the testator than an advancement. An advancement is defined to be " a gift by anticipation from a parent to a child, of the whole or a part of what it is supposed such child will inherit on the death of the parent." (Bouv. L. Dict.) If the will had not mentioned the transaction it could not, I suppose, be disputed that the representatives of the estate could have recovered the amount of the note from the maker. It would appear that the clause in the will relating to this indebtedness would in effect give to the maker of the note the amount due as his share of the estate; but I cannot see that this would affect his right to take a share of the property of which the testator died intestate. As, however, we

have taken the view of the statute above indicated, it is not essential that we should discuss this question further.

It follows that the judgment appealed from was right and should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ. concurred.

Judgment affirmed, with costs.