Clara A. Bowron et al., Individually and as Executors of and Trustees under the Will of Ellen J. Banker, Deceased, Respondents, *v.* Sara H. Kent, Individually and as Executrix of and Trustee under the Will of Ellen J. Banker, Deceased, Appellant, and The Trustees of Columbia College of the City of New York et al., Respondents.

1. Will — Advancement. Under an agreement by a widow that in consideration of the withdrawal of a contest to her husband's will she would deposit $25,000 in trust, which, at her death, should be paid over to her niece if living, if not to her issue, and if upon the widow's death any share of her estate should pass to the niece, the sum specified "shall be treated as an advance upon account of such share and reckoned accordingly," the sum specified must be regarded as an advancement.

2. WHEN OBLIGATION ARISING FROM ADVANCEMENT WILL BE CONSIDERED CANCELED. Where, however, many years thereafter, the widow died leaving a will clear and specific in terms and free from ambiguity, whereby under one clause the niece took a bequest made to her mother, a sister of the testatrix, who died after the making of the will but before the testatrix, and she also took under another clause dividing the residuary estate into shares, the income to be paid by trustees to nieces of the testatrix during their natural lives and upon the death of each the principal in fee to their issue then living, and no mention is made of the sum advanced to the niece and no intention expressed that it should be deducted from her share of the estate, the provisions of the agreement as to the advancement must be regarded as referring to a deduction from any portion of the testatrix's estate passing to the niece in case she died intestate; by making the will in question she indicated an intention to cancel any obligation which might otherwise arise from the advancement.

*Bowron* v. *Kent*, 120 App. Div. 74, reversed.

(Argued December 19, 1907; decided January 7, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 29, 1907, which modified and affirmed as modified a judgment construing the will of Ellen J. Banker, deceased.

The facts, so far as material, are stated in the opinion.

*Joseph F. Daly* for appellant. The agreement of June 15, 1885, between Mrs. Kent and Mrs. Banker cannot be construed as providing for a deduction from any future legacy or devise to Mrs. Kent from Mrs. Banker. (*Camp* v. *Camp*, 18 Hun, 217; *Arnold* v. *Haroun*, 43 Hun, 278; *Burnham* v. *Comfort*, 108 N. Y. 535; *Needles* v. *Needles*, 7 Ohio St. 443; *Matter of Roberts*, 111 N. Y. 372; *Krieder* v. *Boyer*, 10 Watts, 54; *Chapman* v. *Allen*, 56 Conn. 152.) The agreement of June 15, 1885, did not create any debt or obligation of Mrs. Kent to Mrs. Banker or to her estate; nor did it constitute any obligation on the part of Mrs. Banker or of Mrs. Kent with regard to a future will of Mrs. Banker. There is nothing, therefore, for the executors to seek the aid of the court in enforcing. (*Matter of Robert*, 111 N. Y. 372; *Harley* v. *Harley*, 57 Md. 340; *Clark* v.

*Wilson,* 27 Md. 693; *Gihon* v. *Stanton,* 9 N. Y. 482; *Arnold* v. *Haroun,* 43 Hun, 278; *Burnham* v. *Comfort,* 108 N. Y. 535; *Needles* v. *Needles,* 7 Ohio St. 443; *Hedges* v. *Hedges,* 73 S. W. Rep. 1112.) The agreement of June 15, 1885, is not enforceable for the benefit of the other residuary legatees of the testatrix to increase the portions bequeathed to them by will. (*De Caumont* v. *Bogert,* 36 Hun, 382; *Camp* v. *Camp,* 18 Hun, 218; *Burnham* v. *Comfort,* 108 N. Y. 535.) The judgment requiring Mrs. Kent to bring into hotchpot the value of her trust provision for the benefit of the collateral relatives of the testatrix is wholly unauthorized. (*Matter of Morgan,* 104 N. Y. 74; *Waldron* v. *Taylor,* 52 W. Va. 284; *Thompson* v. *Carmichael,* 3 Sandf. Ch. 131; *Kent* v. *Hopkins,* 86 Hun, 611; *Gilmore* v. *Jenkins,* 106 N. W. Rep. 193.) The will of the testatrix is the sole and final expression of her intention with regard to the disposition of her estate and the share of it which Mrs. Kent is to receive. It is plain and unambiguous and it cannot be affected by any contrary intention inferred from a prior agreement not referred to in it. The plain duty of the executors is to execute the will as it stands. (*Camp* v. *Camp,* 18 Hun, 217; *Arnold* v. *Haroun,* 43 Hun, 278; *Chapman* v. *Allen,* 56 Conn. 152; *Needles* v. *Needles,* 7 Ohio St. 443; *Cowen* v. *Adams,* 78 Fed. Rep. 536; *McKibben's Appeal,* 207 Penn. St. 1; *De Caumont* v. *Bogert,* 36 Hun, 382; *Matter of Morgan,* 104 N. Y. 74; *Kent* v. *Hopkins,* 86 Hun, 611; *Thompson* v. *Carmichael,* 3 Sandf. Ch. 139.) The intention of the testatrix that Mrs. Kent should receive her legacy under the 9th clause without abatement on account of the agreement of June 15, 1885, is presumed from the fact that after the death of Mrs. Kent's mother in the lifetime of the testatrix she did not change her will. (*Burnham* v. *Comfort,* 108 N. Y. 535.)

*J. Noble Hayes* for Dorothy Kent, defendant, respondent. The Appellate Division erred in attempting to construe the plain and positive provisions of the 9th article of the will by resort to a non-testamentary document not referred to in the

will and which the will superseded. (*Arnold* v. *Haroun*, 43 Hun, 278; *Camp* v. *Camp*, 18 Hun, 257; *Thompson* v. *Carmichael*, 3 Sandf. Ch. 120; *Clark* v. *Kingsley*, 37 Hun, 246; 4 Kent's Com. 418, 419; *De Caumont* v. *Bogert*, 36 Hun, 362; *Hays* v. *Hubbard*, 3 Redf. 28; *Burnham* v. *Comfort*, 108 N. Y. 535; *Langdon* v. *Astor*, 16 N. Y. 9; *Williams* v. *Freeman*, 83 N. Y. 561.)

*Augustus N. Hand, John Mason Knox, Francis L. Kohlman* and *James C. Kellogg* for respondents. The agreement of June 15, 1885, created an obligation on the part of Mrs. Kent, enforceable by Mrs. Banker's executors, to restore to the estate of Mrs. Banker the value of the trust provision of $25,000 out of any share of Mrs. Banker's estate that should pass to Mrs. Kent. (3 Lisle's Cyc. of Accounting, 282.) The circumstances warrant no inference that the obligation of Mrs. Kent was discharged by a subsequent will of Mrs. Banker devising and bequeathing to Mrs. Kent two-forty-fifths of Mrs. Banker's estate. (*Messman* v. *Egenberger*, 46 App. Div. 49; *Beebe* v. *Estabrook*, 79 N. Y. 249; *Thompson* v. *Carmichael*, 3 Sandf. Ch. 127; *Chase* v. *Ewing*, 51 Barb. 612; *Barker* v. *Comins*, 110 Mass. 477.) The obligation of Mrs. Kent remains in full force and must be performed. (Pom. Eq. Juris. [6th ed.] § 560; *Jaques* v. *Swasey*, 153 Mass. 596; *Miller* v. *Coudert*, 73 App. Div. 543.)

Haight, J. This action was brought to obtain a construction of the last will and testament of Ellen Josephine Banker, deceased, and for a settlement of the accounts of the executors and trustees thereunder. The only question in controversy arises over a contract executed by the appellant, Sara H. Kent, made with the testatrix in her lifetime, under which she has received the sum of $25,000, less $440 commission which, it is claimed by the respondents, should be deducted from the amount which she is now entitled to receive under the ninth clause of the decedent's will.

The facts as found by the trial court, in so far as they bear

upon the question under review, are substantially as follows:
Ellen Josephine Banker, decedent, was a resident of Irving-
ton, in the county of Westchester, this state, and there died
on the 20th day of February, 1903, leaving a last will and
testament, bearing date the 6th day of August, 1898, which
was duly admitted to probate, in which she appointed the
plaintiffs and the defendant Sara H. Kent her executors and
trustees. By the fifth clause of the will she provided that
" The trustees are to divide one equal one-fifth part of the said
residuary estate into as many shares as may be necessary and
to allot one of such shares for each of Philip Guilmartin, Sara
Kent and Ellen Josephine Holgate, children of my sister, Clara
Holgate. And the trustees are to receive and collect the rents,
income and profits of each of the said shares or subdivisions
and apply the net income realized therefrom to the use of the
person for whom the same is so allotted during his or her nat-
ural life. And upon the decease of each of them the share or
subdivision so allotted for him or her is by the trustees to be
paid over and transferred absolutely and in fee to his or her
then living children and lawful issue (taking *per stirpes*) of a
child of him or her theretofore deceased. And in case at the
decease of either of them the said Philip, Sara and Ellen, there
shall be living no lawful issue of him or her, then and in such
case the share so allotted for the one so dying is by the trustees
to be paid over and transferred absolutely and in fee to the then
living lawful issue (taking *per stirpes*) of the other above-named
children of my sister Clara Holgate." And by the ninth
clause she further provided that " The remaining one equal
one-fifth part of the said residuary estate is by the trustees or
executors upon my decease to be paid over and transferred
absolutely and in fee to the same person or persons and in the
same shares and proportions as by the law of the state of New
York would inherit real estate from me in case I died intes-
tate. And whatever share, subdivision or part of my residu-
ary estate, if any, shall fail to be effectually disposed of under
the preceding fifth, sixth, seventh and eighth articles of my
will or either of them is to be added to the one-fifth part pro-

vided for by this ninth article of my will and is to be disposed of accordingly. But in case either of the life beneficiaries mentioned in such fifth, sixth, seventh and eighth articles of my will shall die before me leaving lawful issue who survive me, such issue shall take upon my decease whatever would have gone to them in case the death of their parent had occurred immediately upon my own decease. And if either of these life beneficiaries dying before me shall leave no lawful issue who survive me, then and in such case the share or subdivision intended to be allotted for the one so dying shall be added to the other shares under the article of my will containing the provisions for such life beneficiary." It is further found as a fact that at the time of executing the will by Mrs. Banker there was living Clara Holgate, her sister, who was the mother of Sara H. Kent, who, as such sister, was presumptive heir at law of the testatrix, and, therefore, one of the persons to whom presumptively the residuary estate would go, under the ninth clause of the will, to the exclusion of any right of Mrs. Kent or her brother and sister; that by her death on the 8th day of August, 1899, Mrs. Kent became presumptively entitled to a share in the estate under the ninth clause of the will; that after the death of Clara Holgate, the mother of Mrs. Kent, the testatrix made no changes in her will effectuating an intention to lessen the amount that would go to Mrs. Kent under the will by reason of the death of her mother; that from the time that Mrs. Banker executed her will down to her decease Mrs. Kent was the only one of her nephews or nieces who had children; that in no part of the will did the testatrix express or imply an intention that the $25,000 provided for in the agreement of June 15th, 1885, should be withheld from any share allotted to or provision made for her. The other relatives of Mrs. Banker consisted of nephews and nieces, children of a deceased sister, and of two deceased brothers. By the other provisions of the will, after giving a legacy to the trustees of Columbia College and to the Society of the New York Hospital for the benefit of the Bloomingdale Insane Asylum, and a bequest of $5,000 to a

nephew, Benjamin Britton Gottsberger, the testatrix set apart an equal one-fifth part of her estate for each of the families of her deceased sister and brothers.

It is further found as facts that the defendant Sara H. Kent, *nee* Holgate, was at the age of twelve years taken by the testatrix and her husband, James H. Banker, to live with them, and that she was thereafter supported, clothed and educated by them until her marriage in 1881 to Rockwell Kent, by whom she had three children; that in September, 1887, Rockwell Kent died, leaving Mrs. Kent a widow, who has since supported her three children; that James H. Banker, the husband of the testatrix, died on the 10th day of February, 1885, leaving a last will and testament dated the 22d day of January, 1884, which was subsequently offered for probate in the Surrogate's Court of Westchester county, and thereupon Mrs. Kent was given leave to appear and oppose the probate upon the ground that Banker had executed another will in the presence of Mrs. Banker and Mrs. Kent, under which he had divided his estate equally between them. After Mrs. Kent had been permitted to intervene and oppose the probate, an agreement of settlement was made between Mrs. Banker and Mrs. Kent, under date of July 15th, 1885, in which Mrs. Banker agreed with Mrs. Kent to place the sum of $25,000 in the hands of a trustee, which sum at the death of Mrs. Banker should be paid over to Mrs. Kent, if living, or, if deceased, to her issue *per stirpes* who shall then be living, subject, however, to a general and beneficial power of testamentary appointment by Mrs. Kent. The agreement further provided that, "In case upon the decease of Mrs. Banker any share of her estate shall pass to Mrs. Kent or her issue, the value or benefit of the said trust to Mrs. Kent and her issue shall be treated as an advance upon account of such share and reckoned accordingly." It further is found that Mrs. Banker executed a mortgage upon real estate to the Farmers' Loan and Trust Company of New York, to secure the payment of the $25,000 so provided for by the agreement, and that upon the death of Mrs. Banker that sum was

paid over to Mrs. Kent, less the commissions of the trustees —
$440.

The trial court has found that the testatrix did not intend
that the sum so paid to Mrs. Kent should be deducted from
the provisions made for her in the will, and awarded judg-
ment accordingly. The Appellate Division has modified the
judgment by directing that the amount be deducted from that
which would come to her under the ninth clause of the will.
The modification is, in effect, a reversal as to this item. It
does not appear that the Appellate Division has reversed
upon the facts. The question is thus presented as to whether
the item in question should be charged against the bequest to
Mrs. Kent.

The testatrix by her will has attempted to dispose of all of
her estate. Ordinarily, a person in executing a will is pre-
sumed to make final disposition of the estate of which he may
die seized or possessed, to the persons and in the shares therein
designated and specified. It must be borne in mind that the
testatrix executed her will thirteen years and some months
after the contract with Mrs. Kent was made ; that the will is
clear and specific in terms, free from ambiguity, and in it no
mention is made of the $25,000 set apart for Mrs. Kent by
the contract, or any intention expressed that it should be
deducted from the provisions made for her.

Under the fifth clause of the will, as we have seen, one
equal one-fifth part of the testatrix's residuary estate was
allotted to the children of her sister, Clara Holgate, of which
Mrs. Kent was one. And the trustees were required to invest
the same and to collect the rents, income and profits and pay
the same over to the children of such sister during their
respective lives. And upon the death of either the share of
the one so dying was to be transferred absolutely and in fee
to his or her then living children and lawful issue. Under
this provision a trust was created in favor of Mrs. Kent for
one-third of the one-fifth of the testatrix's residuary estate,
under which she was to receive the income during life, with
the remainder over to her children. Manifestly no deduction

for any previous advancement could be made from this provision in her behalf without seriously impairing, if not destroying, the express intention of the testatrix in creating the trust.   This view was entertained by both the trial court and the Appellate Division, and we, therefore, pass to a consideration of the ninth provision of the will.

The residuary estate had been divided into five parts.  The testatrix had four brothers and sisters, all of whom had died leaving children, with the exception of Mrs. Holgate.   She was still living and had three children.   Four of the five parts in which the residuary estate had been divided had been disposed of to the families of the brothers and sisters of the testatrix.   By the fifth clause she makes provision for the disposing of the remaining fifth.   This she provides shall be paid over and transferred absolutely and in fee to the same person or persons and in the same shares and proportions as by the law of the state of New York would inherit real estate from her in case she died intestate.   Then follows the provision that in case either of the life beneficiaries mentioned in the previous article of the will should die before the testatrix leaving lawful issue who survived, such issue shall take upon her decease whatever would have gone to them in case the death of their parent had occurred immediately upon her own decease.   As we have seen, at the time of the making of the will, Mrs. Holgate was alive and was her nearest heir at law and under the statutes of the state would have inherited one-fourth of this remaining fifth of the residuary estate. She was, therefore, as the trial court has found, the presumptive heir at law, and had she survived the testatrix would have taken absolutely and in fee all of that portion of the estate, to the exclusion of her children.   Had she survived the testatrix, certainly no deduction could have been made from the amount. so bequeathed and devised to her of any advancement previously made to Mrs. Kent, for the clear meaning of the provision is inconsistent with any such intention on the part of the testatrix.   But, as we have seen, her death happened some years before that of the testatrix, and

by reason of her death her daughter, Mrs. Kent, became presumptively entitled to one-third of such share, conditioned, however, on her surviving the testatrix. And yet for nearly four years thereafter the testatrix remained quiet, making no change in the provisions of her will and expressing no desire or intent that the $25,000 previously provided for Mrs. Kent should be deducted. The testatrix was at liberty to dispose of her estate as she saw fit. She could have deducted the $25,000 from Mrs. Kent's share if she so desired, or she could have disregarded that provision of the contract and give such additional sum as she should determine to be proper. The $25,000 had been absolutely separated from the estate. It formed no part of the assets passing to the executors for which they could be held liable to account. Upon the death of Mrs. Banker's husband it was claimed that he had left two wills, one giving half of his estate to Mrs. Kent, the other giving substantially the entire estate to Mrs. Banker. Mrs. Kent surrendered all right or claim against the estate to Mrs. Banker in consideration of the $25,000. Following this came the agreement on the part of Mrs. Kent, to the effect that in case any share of the estate of Mrs. Banker upon her decease should pass to Mrs. Kent, the $25,000 should be treated as an *advance* upon the account of such share. The $25,000 was not a gift or a loan, nor did it create a debt owing to the estate of Mrs. Banker, or an asset of her estate upon her decease. The title thereto absolutely vested in Mrs. Kent and could not be recovered from her either by any action at law or in equity during the life of the testatrix nor by her representatives after her decease. It is said that the $25,000 is not an advancement, but the requirement of a contract. Whatever it may be called, we think the provision of the contract must control. It states that "it shall be treated as an *advance* upon the account of such share and *reckoned accordingly.*" Here we have express language requiring it to be treated as an advancement and to be reckoned accordingly.

In 1 American & English Encyclopædia of Law (2d ed., page 760, sec. 1) an advancement is defined to be "a transfer of

property from a person standing in *loco parentis* toward another, to that other, in anticipation of the share of the donor's estate which the donee would receive in the event of the donor's dying intestate." Section 2. "If the donor disposes of his whole estate by will, the doctrine of advancements has no application, unless the will specifically refers to advancements and defines what previous gifts shall be so considered. Even if the will expressly states that the property is to be distributed according to law as in cases of intestacy, it is still a will, and the doctrine of advancements does not apply." (See authorities there cited.) In *Camp* v. *Camp* (18 Hun, 217) the testator had made advances to some of his children, taking receipts therefor "as a part of my apportionment, to be deducted out of the estate of the said Sylvester Camp." Afterwards he made a will in which he directed his executors to sell all of his real and personal estate and divide the proceeds equally among his ten children, naming them. It was said that inasmuch as the will did not direct the advances to be charged against the several children they were not to be considered in dividing the estate. The court in its opinion says : " If the deceased had made no will then these advancements would have been charged to the respective parties. Why, then, did he make a will dividing the property equally unless it were to prevent that very result ? He knew that he had made unequal advancements and he had carefully taken receipts. Thus he had provided that, if he should die intestate, these advancements would be charged to the parties on the distribution of his estate. But he was clearly at liberty to change his intention in that respect if such had been his intention. And the way to effect such change was to make a will dividing the property, of which he should be the owner at his death, equally among his children. This he did. · If he had intended that the advancements should be charged against his children he would have said this in his will." In the case of *Arnold* v. *Haroun* (43 Hun, 278) an advancement was made by the testator to his daughter, who executed the following receipt : " Received from my father, Milo Kellogg, $900, to be deducted

from my part of his estate." Upon the back of the receipt there was indorsed in the handwriting of Milo Kellogg, "This is to be charged to her portion." Thereafter Milo Kellogg made a will by which he disposed of all of his property, devising a portion thereof to his daughter. A claim was made that she should account for the $900 advanced to her before the will was made. LEWIS, J., speaking for the court, said : " Had Mr. Kellogg left a will containing a devise to plaintiff, expressing his intention to treat the $900 as an advancement or had the advancement been made after the will had been executed, then the advancement might have been deemed an ademption of the legacy ; but having by his will disposed of his entire estate the amount received by the defendant cannot be regarded as an advancement.  *  *  * A reason for the rule of law that where an advancement is made and thereafter the party making it executes a will disposing of all of his estate and makes no mention of the advancement that it shall not be regarded as an advancement is that the testator must be presumed when making his will to have taken the advancement into consideration when determining the amounts of his bequests and intended to cancel any obligation which might otherwise arise from the advancement. The effect of the testator's will was to cancel the advancement." In the case of *De Caumont* v. *Bogert* (36 Hun, 382) the testator had transferred a large number of shares of stock in a railroad and steamboat company to his widow and some of his children. He afterwards executed a will. It was held that the shares of stock so transferred did not form a part of the testator's estate at the time of the execution of the will and did not pass under it. In *Matter of Robert* (111 N. Y. 372) the will of the testator expressly provided for the deduction from the amount given to his children of any moneys or indebtedness that stood upon his books charged against him at the time of his decease. FINCH, J., in delivering the opinion of the court, says : " But after these entries were made, and while they stood upon his books, he made and executed his will. At that moment all questions of advancement disap-

peared, and the entries framed for the emergency of intestacy ceased to be material, since not the law but the testator himself was about to dictate the ultimate division of his estate and do for himself that which seemed to him just." (See, also, *Thompson* v. *Carmichael,* 3 Sandford Ch. 120 ; *Clark* v. *Kingsley,* 37 Hun, 246 ; *Black* v. *Whitall,* 9 N. J. Equity, 572 ; *Peacock's Estate,* L. R. [14 Eq. Cas.] 1872, page 236.) These cases are in harmony with the provisions of the Revised Statutes which were in force at the time of the making of the will in question, and which have now been incorporated into the Real Estate Law without substantial change, which provides for the deduction of advances made to children in case of *intestacy.* (1 R. S. 754, secs. 23, 24.)

Inasmuch as the will contains no provision with reference to the deduction of advancements, we have not deemed it necessary to here consider the authorities bearing upon that subject. The facts in the case, as found by the trial justice, bring the case within the rule recognized by the authorities alluded to, and we must, therefore, deem the provisions of the contract, with reference to the deduction of the $25,000 from any portion of Mrs. Banker's estate passing to Mrs. Kent upon the decease of Mrs. Banker, to refer to her death intestate ; that the subsequent making of the will in question, under the circumstances disclosed, indicated an intention on her part to cancel any obligation which might otherwise arise from the advancement.

The judgment of the Appellate Division should be reversed, and that of the trial court affirmed, with costs to the defendant Sara H. Kent and the guardian *ad litem* in this court and the Appellate Division, payable out of the estate.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment accordingly.