In the Matter of the Judicial Settlement of the Account of the FARMERS' LOAN AND TRUST COMPANY, as Executor, etc., of ELIZA J. ARKENBURGH, Deceased.

SUSIE H. ARKENBURGH, as Executrix, etc., of OLIVER M. ARKENBURGH, Deceased, Appellant; JEANETTE M. OAKLEY, Respondent.

First Department, December 31, 1917.

Will — direction that advancements made to residuary legatees shall be deducted from their shares — when specific bequest to legatee not subject to deduction for advancement — return by testatrix of receipt for money received — distinction between advancements made before and after execution of will.

Where a testatrix directed that advancements made to her residuary legatees should be deducted .by her executor and trustee from the shares of said legatees and then made a bequest of a specific sum of money to one of her sons and gave the residuary estate equally to her three other children, no deduction should be made from the specific bequest where, after the death of the testatrix, there was found among her papers a letter addressed to said specific legatee returning a receipt by him for moneys received from the testatrix prior to the execution of the will and containing a letter by her stating that said legatee was to have his legacy " clear " in order to put him upon an equality with the other children and stating that she inclosed the legatee's receipt.

This, because the legatee's receipt for the moneys was without any promise or obligation to repay the same, and all the circumstances showed an intention on the part of the testatrix that this advancement should not be deducted from the legacy.

There is a different inference to be drawn where an advancement is made after the making of a will from that where an advancement was made prior to the making of the will and the intention is not presumed in a testator that there shall be deducted from a specific legacy advancements made prior to the execution of the will.

APPEAL by Susie H. Arkenburgh, as executrix, from an order and decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 5th day of July, 1917, settling the accounts of the executor herein, and also from that part of the decree which adjudges that $2,000 be deducted from a legacy given to Oliver M. Arkenburgh by the will of Eliza J. Arkenburgh, which legacy was of the sum of $20,000.

*Wilbur F. Earp*, for the appellant.

*Joseph Brewster* of counsel [*Louis Bertcher* with him on the brief], *Brewster & Farries*, attorneys, for the respondent.

SMITH, J.:

Eliza J. Arkenburgh died leaving a son, Oliver M. Arkenburgh, and three other children. Prior to the accounting Oliver M. Arkenburgh died, and this appellant is his executrix. Eliza J. Arkenburgh died on the 1st day of February, 1916. She left a will bearing date the 2d of June, 1914, and a codicil thereafter executed, which is not material. By that will certain legacies are given, and the 8th clause of the will provides:

" In distributing and paying over the bequests hereinafter made, it is my will, and I direct that my Executor and Trustee hereinafter named, withhold and deduct from the share of my residuary estate bequeathed to each of my children the amount of any debt, but without interest, which may be found to be due and owing to me, by way of advance or otherwise, from any such of my said children, and such debt I direct shall be treated and considered as an asset and part of my residuary estate, and as a part of my legacy or bequest to such child. Because I have heretofore, at their very urgent request, made advances to certain of my children,

which advances are for the most part evidenced by their several notes or other written obligations, and these said written notes or other of their obligations to me, I repeat, I will and direct shall be delivered back to them as a part of my residuary estate so devised and bequeathed to my said children, and are directed and intended by me to be received by them as so much cash; it being my will and intention to treat my three children named as residuary legatees equally, share and share alike, as to my residuary estate."

By the 10th clause of the will a legacy of $20,000 is given to Oliver M. Arkenburgh. By the 11th clause it is provided:

" All the rest, residue and remainder of my estate of whatever kind, and wheresoever situated, I give, devise and bequeath to and among my children, William H. Arkenburgh, Eliza J. Wiggins and Jeanette M. Oakley, equally, share and share alike."

At the death of Eliza J. Arkenburgh there were found certain notes and papers acknowledging the receipt of moneys from her and promissory notes from the three children mentioned in the residuary clause. There was also found a sealed envelope marked " for Oliver M. Arkenburgh, Private." Within that sealed envelope was a receipt dated May 25, 1914, of different amounts of cash amounting to a total of $2,000. On the back of this receipt, in the deceased's own handwriting, was " Not to be used unless necessary, E. J. Arkenburgh." The following letter was also inclosed in said envelope:

" MY DEAR SON.— I am writing this letter to you for use after I am gone. You know how much trouble you have had and how predudis [sic] some of the family is against you so to save you all trouble I have made in my will that you are to have 20,000 twenty thousand dollars clear I think that will make you equal with the rest of the family enclosed I put your receipt for two thousand dollars and another of five hundred dollars and forty dollars a month for two years for rent and after that I have paid $35 a month up to date and all that I paid for your two children for college fees will make it about even; all that I have paid out was entirely for your credit as you was my son and I wanted to help you so it was all for love for you that I have done it. I do hope

you will be satisfied with what I have done for all I want is to do what is right please do not think that I have been persuaded to do this by any one as their is not a living soul knows what I have written.  Ever your loving mother.

                    " ELIZA J. ARKENBURGH.
" *January 25th,* 1915."

The learned surrogate has held that this $2,000 was to be deducted from the legacy of $20,000 upon the theory that as long as this envelope was not delivered to Oliver M. Arkenburgh before her death, it was an incompleted gift, and whatever might have been the intention of the testatrix, the amount named in the receipt must be charged against the legacy.

With this conclusion I am unable to agree.  In the first place, here is a receipt for these moneys without any promise or obligation to repay the same.  All the circumstances indicate that it was not regarded as a debt to the estate, but at most when taken was regarded merely as a receipt for moneys that might be regarded as an advancement.  If this be so, the question does not arise whether the facts would constitute a valid gift to Oliver in the lifetime of the testatrix, but the sole question is whether from the will itself and from the circumstances surrounding the making of the will the testatrix intended that the legacy should be reduced by the $2,000 theretofore given to Oliver.  This intention is, to my mind, an intention that it should not be deducted, and is clearly found in the will itself.  The legacy to Oliver was of a distinct sum of $20,000.  To the other three children all the residuary estate was given.  By the 8th paragraph of the will it was distinctly provided that the advancements to those three children who should share in the residuum of the estate would be deducted from their shares, to the end, as stated in that paragraph, that these three children named as residuary legatees should be treated equally, share and share alike, as to the residuary estate.  From the fact that the advancements to these three children were expressly directed to be deducted from their shares and no mention was made of the advancements to Oliver, by the rule of exclusion the intent was indicated that the advancement to

First Department, December, 1917.    [Vol. 180, App. Div.]

Oliver should not be deducted from his share.    Moreover, a different inference is required to be drawn where the advancement was made after the making of the will from that where the advancement was made prior to the making of the will, and the intention is not presumed in the testator that there should be deducted from an explicit legacy advancements made prior to the execution of the will.    (*Bowron* v. *Kent,* 190 N. Y. 422, 434.)    In that case Judge HAIGHT quotes from the decision of Mr. Justice LEWIS, in the Fifth Department, in *Arnold* v. *Haronn* (43 Hun, 281), as follows: " 'A reason for the rule of law that where an advancement is made and thereafter the party making it executes a will disposing of all of his estate and makes no mention of the advancement that it shall not be regarded as an advancement is that the testator must be presumed when making his will to have taken the advancement into consideration when determining the amounts of his bequests, and intended to cancel any obligation which might otherwise arise from the advancement.    The effect of the testator's will was to cancel the advancement.' "

If we pass outside of the will to the attendant circumstances, we find this presumption still further fortified.    This receipt was inclosed in a sealed envelope directed to Oliver M. Arkenburgh and marked " Private."    It was not intended for the executor, it was intended to be returned to Oliver.    Again, the letter which was in that sealed envelope states that he is to have the $20,000 clear, and conclusively indicates that the $2,000 is not to be deducted therefrom.    In view of these circumstances, as well as of the presumption existing from the will itself, the surrogate was not authorized to reduce the amount of the legacy to Oliver, and the decree must therefore, be modified to provide for the payment to Oliver of the $20,000 legacy in full, and as modified affirmed, with costs to the appellant from the estate.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Decree modified as stated in opinion, and as modified affirmed, with costs to appellant payable out of the estate. Order to be settled on notice.