In the Matter of the Estate of ANTOINETTE FINCK, Deceased.

Surrogate's Court, New York County, March, 1923.

Executors and administrators — accounting — partial intestacy — distribution of residuary estate — doctrine of advancements — when section 96 of the Decedent Estate Law does not apply.

Where by the decree entered upon the settlement of the accounts of executors and for the construction of the will, six trusts created by the residuary clause, one of which was for the benefit of the objectants to the accounts, were declared invalid and that the testatrix had died intestate as to her residuary estate, and no appeal was taken from said decree, the residuary estate must be distributed under the Statute of Distribution.

Upon the theory that such distribution was subject to the limitations placed thereon by the valid portions of the will, the executors sought to deduct a certain amount from the share in the residuary estate to which the objectants were entitled. Held, that what was to be distributed was the residue of the assets of the estate, and that did not pass under the will.

The matter comes within the class of cases in regard to advancements, that where there is a partial intestacy section 96 of the Decedent Estate Law does not apply, and, therefore, the deduction claimed by the executors cannot be justified.

The three situations which may be created with regard to advancements, stated.

PROCEEDING to settle executors' accounts.

*Eisman, Lee, Corn & Lewine* (*Louis Franklin Lee* and *Bernard H. King*, of counsel), for executors.

*Walter Jeffreys Carlin* (*Eugene R. Pennock*, of counsel), for Frederick Finck and others.

*Davies, Auerbach & Cornell*, for Columbia Trust Company.

*Ernest M. Garbe*, for Emily F. Elliott.

*Kurtz & Ruby*, for John Finck, individually.

*Harry C. Kayser,* for Louisa A. Finck.

*Edward J. Martin,* special guardian.

FOLEY, S. On this accounting objections were filed by the three children of Henry Finck, a deceased son. These objections concern the effect to be given to the 8th paragraph of the will in the final distribution of the balance now in the hands of the executors. This paragraph reads as follows: " *Eighth:* The indebtedness of my son Henry (deceased) to me through the estate of his late father, amounting to Six thousand Dollars ($6000) and also the aggregate of the advances of Fifty Dollars (50) per month from the time of the decease of my said son, Henry to September 1902, and Forty Dollars (40) per month from September 1902, to June 1904, and Fifty (50) Dollars per month from June 1904, to the present time, made by me to my daughter-in-law Margaret Finck, widow of my said son, Henry, as well as what I shall hereafter thus advance to the time of my decease (less the sum of Five thousand Dollars ($5000) to equalize the legacies provided for in paragraph ' three ' of this my Will) I direct to be and become part of my residuary estate, to be disposed of as hereinafter provided.    *    *    * "

The 9th paragraph of the will attempted to create six trusts in the residue of the estate of testatrix, one of which was for the benefit of these objectants. In a proceeding in this court for the settlement of the accounts of the executors and for the construction of the will of testatrix, the trusts created by the residuary clause were declared invalid by Surrogate Fowler, and the testatrix was held to have died intestate as to her residuary estate. *Matter of Finck,* 171 N. Y. Supp. 573. No appeal was taken from the decree entered in that proceeding. The residue, therefore, must be distributed under the Statute of Distribution. *Clark* v. *Cammann,* 160 N. Y. 315; *Lefevre* v. *Lefevre,* 59 id. 447. The executors rely on provisions in that decree and one subsequently entered, which adjudged that all the other provisions of the will of testatrix, except those in paragraph 9, were valid. They claim that while the residuary estate must be distributed in accordance with the Statute of Distribution, such distribution is subject to the limitations placed thereon by the valid portions of the will. On this theory they seek to deduct the sum of $10,590 from the one-sixth share of the residuary to which the objectants are entitled. The objections filed herein question the propriety of this deduction. The testatrix having died intestate as to her entire residuary estate, no conditions attached to the legacies to the residuary legatees survive. That is obvious. What is to be distributed is the residue

of the assets of the estate, and that does not pass under the will. Nor can these deductions be justified on the theory that they were advancements. As I understand the authorities three situations may be created in regard to advancements, *first,* where there is a total intestacy, advancements may be charged against the distributive share of the distributees (Decedent Estate Law, § 96, *McRae v. McRae,* 3 Bradf. 199; *Messman v. Egenberger,* 46 App. Div. 46); *second,* where there is a complete distribution by will, the doctrine of advancements has no application, unless the will specifically refers to advancements. and defines what previous gifts shall be so considered and deducted from the legacy (*Bowron v. Kent,* 190 N. Y. 422; *Ritch v. Hawxhurst,* 114 id. 512; *Arnold v. Haronn,* 43 Hun, 278); *third,* where there is a partial intestacy, section 96, Decedent Estate Law, has no application (*Messman v. Egenberger, supra; Matter of Farmers' Loan & Trust Co.,* 181 App. Div. 642; affd., 225 N. Y. 666; *Kent v. Hopkins,* 86 Hun, 611; *Thompson v. Carmichael,* 3 Sandf. Ch. 120). This matter comes within the last class of cases. The objections must, therefore, be sustained.

The executors also request the direction of the surrogate with respect to distribution of fifty shares of stock in the Gramercy Freehold Company. These shares should be distributed in kind under the provisions of section 268 of the Surrogate's Court Act.

Tax costs and submit decree on notice for the equal distribution of the estate without any addition of the amounts mentioned in paragraph 8 or any allowance therefor against the objectants.

Decreed accordingly. _____