In the Matter of the Accounting of CITY NATIONAL BANK OF BINGHAMTON, as Trustee under the Will of DANIEL R. HALL, Deceased, Respondent. GEORGE A. HALL, Appellant; EARL R. HALL, Respondent.— Appeal from a decree of the Broome County Surrogate's Court. The will divided the residue of testator's estate into equal amounts from which life estates were created for the benefit of his two sons. In the trust for the benefit of appellant, George Arthur Hall, it was provided that the trustee might in its discretion purchase a suitable home for this son at a cost of not more than $10,000 payable out of the trust fund and convey to him absolutely. This power has not yet been exercised. After the will was drawn testator paid George Arthur Hall $4,000 and that son executed a receipt in writing stating that the payment of $4,000 was intended both by the testator and the recipient to have been an advancement "upon and against" the $10,000 which the trustee could use for the purchase of a home and both sides stipulate that it was so intended by the parties. Whether a payment made to a beneficiary under a will is an advancement or, in the case of a descendant of a parent, it is the distribution of descendant's "portion", is largely decided on a construction of the testator's intent. A payment before a will is drawn is often treated as not affecting the benefit given by the will, especially if a long period has intervened (*Bowron* v. *Kent,* 190 N. Y. 422). But after the will has been executed, a parent who makes provision for a child also provided for in the will is commonly said to have adeemed or satisfied the legacy to that extent (*Hine* v. *Hine,* 39 Barb. 507; *Matter of Weiss,* 39 Misc. 71). The result of the provision made by the testator during his lifetime turns on what the intent of the testator was; and this is usually a question of fact (*Matter of Arkenburgh,* 180 App. Div. 876). In the case before us the intent of the testator is plainly stipulated in the record to have been to reduce the $10,000 benefit which could be expended by the trustee for George Arthur Hall by the amount thus paid this son; and that it was expressly accepted by this son under that condition and both parties in giving and receiving such $4,000 referred to a plainly indicated benefit in an existing will. It therefore is to be treated as though, after the trust had been created, the trustee had exercised the power to the extent of $4,000. This would reduce the trust created for George Arthur Hall by this amount since such a sum was to have been chargeable against that trust; and it would reduce the amount that could be used by the trustee for the special benefit of George Arthur Hall. Since this reduction would affect both the remaindermen and the beneficiary the amount of it would be thrown back into the general residue of the estate to be divided into the two trusts. This the Surrogate did under a somewhat different analysis of the problem by adding $4,000 to the residue of estate, distributing it equally to the two trusts, and deducting $4,000 from the share of George Arthur Hall. The result being the correct one, the decree is unanimously affirmed, with costs to petitioner-respondent against appellant. Present—Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.