Joseph A. Cox, S.
The sixth article of the decedent’s will provided a trust of one half his residuary estate for the primary benefit of his widow and directed that upon her death the trust fund be divided into as many shares as there were children of the testator then surviving and one of such shares be continued in trust for the benefit of each such child. The fact was that the testator was survived by his widow and two children, a son and a daughter, both of whom have survived the widow. The effect of the foregoing testamentary direction was to create a primary trust of one half the residuary estate for the benefit of the widow, a secondary trust consisting of one quarter of the residuary estate for the benefit of the son and a like secondary trust for the benefit of the daughter. The will further provided separate residuary trusts, each to consist of one quarter of the residuary estate, for the respective benefits of the son and the daughter.
The seventh article of the will reads: ‘ ‘ The sum of Nine Hundred and Ten Thousand Dollars ($910,000) advanced by me to or for the account of my son, Cornelius Vanderbilt, Junior, or to or for the account of any corporation in which my said son was interested, for the benefit either directly or indirectly of my said son in connection with his newspapers or publishing undertakings both in California, Florida and elsewhere shall, in case my said son or issue of my said son shall survive me, be charged against the principal of any principal sum set aside in trust for my said son or to be distributed to his issue per stirpes and not per capita under the provisions of Article Sixth of this Will, and the amount so charged shall be added two-thirds to the share to be held in trust for my wife, Grace Vanderbilt, and one-third shall be added to the share to be held for my daughter, Grace Vanderbilt Davis, or if she shall then have deceased, to the share which shall then be divided among the issue of my said daughter, Grace Vanderbilt Davis, per stirpes and not per capita.
“ In case my said wife, Grace Vanderbilt, shall die before me then the entire amount of money advanced by me as above set forth shall be added to the share to be held in trust for my *541 daughter, Grace Vanderbilt Davis, if she be then living, or, if she shall then have deceased, it shall be added to the share which shall then be divided among the issue of my said daughter, Grace Vanderbilt Davis, per stirpes and not per capita.”
"When the time came for allocation of funds to the residuary trusts it was found that the amount available for the son’s trust, before deduction of any amounts advanced to him, was less than $100,000. Pursuant to the direction in article seventh of the will, this one-quarter share of the residuary estate was added to the trusts for the widow and the daughter in the proportions of two-thirds and one-third and, in this manner, the one-quarter share of the residuary otherwise allocable to the son’s trust was consumed and there was no fund to be held in trust for the benefit of the son. Such application of one quarter of the residuary estate was approved in a prior accounting proceeding which settled the intermediate account of the trustee.
The testator’s widow died in 1953 and the primary trust for her benefit then terminated and under the terms of the will the trustee was required to establish secondary trusts for the son and the daughter. The trustee now requests a construction of the will to determine whether the seventh article has any present application to these secondary trusts. If the testator intended the seventh article of his will to be operative only at the time the residuary trusts first were established, it follows that the son and the daughter are beneficiaries of equal secondary trusts, each consisting of one half of the fund heretofore held for the benefit of the widow. If, however, the will expresses an intention that any portion of the advance not heretofore recouped be recovered at this time, to the extent possible, from the son’s secondary trust, then the principal of the son’s trust must be applied in such manner as the will may direct.
The construction is not concerned with either statutory rules governing advancements or case law respecting double portions (cf. Matter of Hall, 120 N. Y. S. 2d 188, affd. 284 App. Div. 1013; Matter of Lutz, 201 Misc. 539) but hinges entirely upon the language which the testator employed in the sixth and seventh articles of his will. The directions there given for recoupment of the sum advanced to the son, whether directly to him or indirectly for his advantage, are not patterned on the usual treatment of an advanced or double portion for, had the testator intended to employ that method, his directions would have been to add the amount advanced to the residuary estate and, after fractional division of the fictional residuary estate so arrived at, to deduct the advance from the one-quarter share allocable to the son’s trust. Here the direction of the testator *542 required the sum advanced to be deducted from the true estate, diminished as it was by the prior advances. The method employed by the testator is distinctly his own and its application must be within the directions given by him.
It is probable that the testator contemplated a residuary estate sufficient to permit charging the son’s trust with the entire amount advanced and this is evidenced not only by the testator’s failure to provide explicity for the charging of any deficiency in the event the amount allocable to the son’s trust proved to be less than the total advanced but also is demonstrated by the unrestricted trust for the son which the testator provided in the codicil dated five years' subsequent to the date of his will. There is a basis for a conclusion that the testator expected the advance to be satisfied when the son’s primary trust was to be set up and, envisioning no need to charge any part of the advance against any other interest of the son, the testator not only omitted such a direction from his will but deliberately declined to charge the advance against the trust created by the codicil. There is no occasion to speculate as to whether the omission of a further direction was deliberate or due to lack of foresight because, in either event, the court is confronted with testamentary language which has a limited application and must be construed as it is found in the will (Matter of Bisconti, 306 N. Y. 442; Matter of Englis, 2 N Y 2d 395; Matter of Slater, 3 N Y 2d 109).. “ The will is his and cannot be redrafted by this court.” (Matter of Winburn, 265 N. Y. 366, 375.)
It is arguable that the direction to charge the advance against ‘ ‘ the principal of any principal sum set aside in trust for my son or to be distributed to his issue ’ ’ is applicable not only to the primary trust for the son but also to the secondary trust for his benefit. At first reading the reference to any principal sum set aside in trust might be regarded as pointing to either a primary trust or a secondary trust for the son, but upon further examination of this language it becomes apparent that the word “ any ” was intended to apply to either a principal sum to be set aside in trust for the son or a principal sum to be distributed to his issue and, when the quoted words are read in context it is seen that the complete direction is that ‘ ‘ the amount so charged shall be added two-thirds to the share to be held in trust for my wife, Grace Vanderbilt, and one-third shall be added to the share to be held for my daughter That direction was one that could be complied with only when the trusts first were to be set up. Today there is no share “ to be held in trust ” for the testator’s wife and a direction that two *543 thirds of the charge be added to that trust cannot be accomplished. Such fact demonstrates that the testator’s direction has no present applicability. The will does not direct that one third of the son’s secondary trust be added to the daughter’s trust and two thirds be retained in the son’s trust. Neither does the will direct the more equitable result, that the entire principal of the son’s secondary trust be added to the daughter’s trust. The court cannot provide either of these missing directions and it is constrained to hold that the son is entitled to the income of the secondary trust undiminished by any charge for amounts advanced to him.
Submit decree on notice.