Charles J. Vallone, J.
This is a summary holdover proceeding brought by the landlord to remove a statutory tenant from his residential apartment. The petition alleges that tenant, without the landlord’s consent, installed and is maintaining electrically operated air-conditioning units upon the window sills of the apartment and has caused the units to be projected upon the exterior portion of the premises and that their installation and maintenance is in violation of the electrical code.
The eviction is sought, it is alleged, pursuant to subdivisions 1 and 3 of section 52 of the State Rent and Eviction Regulations which authorizes the summary removal of a statutory tenant when it is shown that he is “ violating a substantial obligation of his tenancy” (subd. 1) and “ [o]ccupancy of the housing accommodations * * * is illegal because of the requirements *904 of law, and the landlord is subject to civil and criminal penalties therefor, or both ’ ’. The landlord alleges that the tenant has violated a substantial obligation of his tenancy under subdivision 1 of section 52 in that the tenant has breached the terms of a written lease agreement entered into between the parties on September 21,1951 for a term of two years commencing October 1, 1951 and terminating on September 30, 1953, and relies upon paragraph “ 4 ” of said lease which provides: “ that the tenant shall not expose any sign, advertisement, illumination or projection in or out of the windows or exterior or from the said building or upon it in any place, except such as shall be approved and permitted in writing by the landlord or the landlord’s authorized agent
Paragraph “ 6 ” thereof reads as follows: “ The tenant shall not do or suffer or permit anything to be done in said premises or bring or keep anything therein- which will in any manner increase the rate of fire insurance on said building or on property kept therein, or obstruct or interfere with the rights of the other tenants or do or suffer or permit anything to be done Avhich shall conflict with the laws, regulations, rules or orders of the Fire Department, the Bureau of Building, the Department of Health, the Tenement House Department, or any other Department, Board or Committee having jurisdiction over the premises herein. ’ ’
The landlord contends the tenant breached the terms of the above two designated paragraphs of the lease by installing two electrically operated air-conditioning units without the landlord’s consent, permission or authority. The tenant replies that even though he did install said air-conditioning units some time in 1952 or 1953, without objection by the landlord or his agent, despite periodic checks by the landlord, the tenant has offered to cure or remedy the violations when notice of same was finally given to the tenant some time in August, 1953, when an official inspection was made, and the landlord refused to permit tenant to cure the said violations.
The question to be determined is the intention of the parties with respect to the written lease agreement in issue, specifically, the above two paragraphs “4” and “6”. It is well settled that the intention of the parties must be found in the language used. (Empire Properties Corp. v. Manufacturers Trust Co., 288 N. Y. 242.) And where a contract is in writing, intention of the parties is ineffective unless it is expressed in writing. (Barrand v. Quinn, 277 App. Div. 938, affd. 302 N. Y. 744.)
It is undisputed and the landlord concedes that the lease agreement makes no reference to “ air-conditioners ”. It is equally *905 undisputed that nowhere in the lease is there a prohibition against the installation, use or maintenance of “ air-conditioners ’ ’ specifically mentioned therein. Words should be construed in their grammatical and ordinary sense. (Dyner v. Collins, 41 N. Y. S. 2d 88.) The plain, ordinary meaning of the words effectively negates landlord’s contention and interpretation of the language used in the indicated paragraphs of the lease agreement. Looking at paragraph “ 4 ” and “ 6 ” in a light most favorable to the landlord, the language contained therein is at best ambiguous and unclear in the frame of reference of the facts involved and the proof adduced at the trial herein, but since the lease agreement was drawn by the landlord any ambiguity contained therein must be resolved against the landlord. (Taylor v. United States Cas. Co., 269 N. Y. 360.) It is also clear to this court that the lease agreement was prepared by the landlord on its own private form. In Rentways v. O’Neill Milk (& Cream Co. (308 N. Y. 342, 348) the court said: “ where there is ambiguity in the terms of a contract prepared by one of the parties, ‘ it is consistent with both reason and justice that any fair doubt as to the meaning of its own words should be resolved against ’ such party. ’ ’ In Bintz v. City of Hornell (268 App. Div. 742, 747, affd. 295 N. Y. 628) the court pointed out that: “ The plaintiff prepared the agreement on one of its forms, hence it should be construed most favorably to the City ”.
Nonetheless, assuming arguendo that the use and maintenance of the ‘ ‘ air-conditioners ’ ’ was prohibited indirectly by interpretation or otherwise, the c.ontinued use and maintenance of air conditioners by the tenant from the year 1952 or 1953 until some time in August 1957, under the facts, circumstances and proof adduced by the proffered testimony herein, the landlord has failed to sustain his burden of proof to establish that the tenant’s breach of his lease agreement constituted a substantial violation of tenant’s obligation of tenancy as to justify eviction.
With respect to the landlord’s allegations under subdivision 3 of section 52 that ‘ Occupancy of the housing accommodations * * * is illegal because of the requirements of law, and the landlord is subject to civil and criminal penalties therefor, or both ”, this court finds that the existence of the violation in itself does not necessarily make the tenant’s occupancy illegal. Both the statutory and administrative intent was to authorize the eviction of a tenant to cure a building violation only where the tenant’s occupancy is itself the violation of law. The proof established that the violation of law herein alleged does not involve the tenant’s occupancy, but, to the contrary, the same was brought about by the landlord, and the proof established *906 that tenant’s offer to cure the- same at his own expense was rejected by the landlord. Considering the facts and circumstances in this case, this court determines that the landlord is not entitled to a final order under this section and subdivision. (See H. I. M. Properties Corp. v. Gross, 6 Misc 2d 666, citing H. Casabianca, Inc. v. Connobbio, 205 Misc. 380; also 816 Fifth Ave., Inc., v. Purdy, 127 N. Y. S. 2d 695; Grier v. Fenty, 12 Misc 2d 542.) (See, also, State Rent Administrator’s Op. No. 114, Aug. 31, 1956.)
Accordingly, upon the proof adduced herein, the landlord’s petition is hereby dismissed and a final order made in favor of the tenant, after trial and on the merits.